Andrew **WOODARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–08–00288–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 22, 2009.

Discretionary Review Granted March 24, 2010.

Jeffrey W. Purvis, Angleton, TX, for Appellant.

Jon L. Hall, Angleton, TX, for Appellee.

Panel consists of Justices SEYMORE, BROWN, and SULLIVAN.

## SUBSTITUTE OPINION

KENT C. SULLIVAN, Justice.

We deny the State's motion for rehearing, withdraw our opinion issued May 14, 2009, and issue this substitute opinion in its place.

Appellant, Andrew Woodard, was acquitted of murder, the only offense described in the felony indictment. However, he was convicted of conspiracy to commit aggravated robbery, a crime that (1) was not set forth in the indictment and (2) is not a lesser-included offense of the crime for which he was indicted.

The State concedes the trial court erred by submitting the unindicted offense but nevertheless urges us to affirm the conviction on harmless-error grounds. We hold appellant was egregiously harmed by the deprivation of his valuable constitutional right to notice of the criminal charges brought against him. Therefore, we reverse appellant's conviction for the unindicted crime of conspiracy to commit aggravated robbery, and remand this case to the trial court with instructions to enter an order of acquittal for the indicted charge of murder.

## I.

### BACKGROUND

On August 8, 2006, appellant drove three other men to the boat docks in Freeport, where the group planned to sell fake cocaine—that is, Tylenol crushed to resemble powdered cocaine—to the complainant, Hien Van Ha. When they arrived, appellant remained with the car while two of the other men, Kevin Pipkins and an unidentified black male, boarded the shrimp boat where the complainant resided. While they were on board, appellant heard a gunshot from the boat. The men then returned to the car. Appellant saw that Pipkins was carrying the complainant's wallet, which he discarded as they drove away. The next morning, the boat's owner discovered the body of the complainant, who had been killed by a single gunshot to the head.

Pipkins was tried for, and convicted of, the murder of the complainant. In addition, on February 21, 2007, the grand jury also returned an indictment charging appellant with murder. Under the Texas Penal Code, one commits the offense of murder if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, ... he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code Ann. § 19.02(b) (Vernon 2003). Appellant was charged with murder under sections (b)(1) and (b)(2) but not section (b)(3), commonly known as "felony

murder."[1] Further, the indictment omits any mention of the potential offenses of robbery, aggravated robbery, or criminal conspiracy.

Appellant was tried for the charged offense of murder. At the beginning of trial, the court read the grand jury's murder indictment aloud and then asked appellant, "Mr. Woodard, *to the charge as alleged against you in the indictment* how do you plead, guilty or not guilty?"[2] Appellant replied, "Not guilty."

At the conclusion of trial, notwithstanding the specific offense described in the grand jury's indictment, the trial court submitted a charge authorizing the jury to convict appellant not only of murder, but also "the lesser offense of" conspiracy to commit aggravated robbery and/or conspiracy to commit robbery. Significantly, the record is silent as to who requested the inclusion of these unindicted offenses or the circumstances under which they were included in the jury charge.

The jury acquitted appellant of the indicted crime of murder but convicted him of conspiracy to commit aggravated robbery, an unindicted offense. Appellant was sentenced to twenty-nine years' confinement and timely appealed, raising two issues. First, appellant contends the submission of these unindicted offenses, which are not lesser-included offenses of the charged crime, violated his constitutional right to notice of the charges against him. Second, appellant claims he did not receive the effective assistance of counsel. Because we sustain appellant's first issue and reverse his conviction, we need not reach his alternative ineffective-assistance claim. *See* Tex.R.App. P. 47.1.

## II.

### ANALYSIS

#### A.  *Standard of Review*

We review allegations of charge error under a two-step process. *See Abdnor v. State,* 871 S.W.2d 726, 731 (Tex.Crim. App.1994). We must first decide whether the charge contains error. *Id.* If so, then we must determine whether the erroneous charge resulted in sufficient harm as to require reversal. *Id.* at 731–32.

#### B.  *Error in Submission of Unindicted Offenses*

Because constitutional due process guarantees a defendant's right to notice of the criminal charges against him, when an indictment facially alleges a complete offense, as here, the State is limited to proving the theory alleged in the indictment. *See Schmuck v. United States,* 489 U.S. 705, 717–18, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); *Stevens v. State,* 891 S.W.2d 649, 650 (Tex.Crim.App.1995); *Castillo v. State,* 7 S.W.3d 253, 258 (Tex. App.-Austin 1999, pet. ref'd) (citing *Fisher v. State,* 887 S.W.2d 49, 55, 57 (Tex.Crim. App.1994)). Thus, the jury charge may not enlarge the alleged offense or permit the jury to convict the defendant for a crime different from that described in the indictment. *Castillo,* 7 S.W.3d at 258.

Even so, a defendant may be convicted of an unindicted offense that is a "lesser-included offense" of the charged crime. *See Wasylina v. State,* 275 S.W.3d 908, 910 (Tex.Crim.App.2009). A lesser-included offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Tex.Code Crim. Proc. Ann. art. 37.09 (Vernon 2003). Thus, notice of the

---

1. *See Lawson v. State,* 26 S.W.3d 920, 921 (Tex.App.-Amarillo 2000), *aff'd,* 64 S.W.3d 396 (Tex.Crim.App.2001).

2. Emphasis added.

State's intent to prosecute the defendant for the greater offense necessarily suffices to inform him, by extension, of the possibility of a conviction on the lesser offense. *See Wasylina,* 275 S.W.3d at 910; *Jacob v. State,* 892 S.W.2d 905, 907 (Tex.Crim.App. 1995).

However, in its brief, the State expressly acknowledges that criminal conspiracy, including conspiracy to commit aggravated robbery, is not a lesser-included offense of the murder allegations brought against appellant.[3] Accordingly, the State concedes error in the trial court's submission of the unindicted conspiracy charges. *See Castillo,* 7 S.W.3d at 258 (citing *Fella v. State,* 573 S.W.2d 548, 548 (Tex.Crim.App.1978)).[4] Still, the State argues the erroneous conviction should be affirmed on the basis that appellant, who did not object to the submission, did not suffer egregious harm as to require reversal of the judgment.[5]

### C. Harm

■ The United States Supreme Court has repeatedly held a conviction cannot stand if premised upon an offense different from that set forth in the grand jury's indictment. *See Schmuck,* 489 U.S. at 717, 109 S.Ct. 1443; *United States v. Miller,* 471 U.S. 130, 142–43, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); *Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). But the erroneous submission of an unindicted offense, although unconstitutional, has not yet been described as a "structural defect" for which reversal is *automatic. See United States v. Gonzalez–Lopez,* 548 U.S. 140, 148–49, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006); *Linton v. State,* 15 S.W.3d 615, 620 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd); *see also Daniels v. State,* 754 S.W.2d 214, 222 (Tex.Crim.App.1988) (observing that jury-charge errors do not result in automatic reversal). Thus, we must review the trial court's error for harmlessness. *See Gonzalez–Lopez,* 548 U.S. at 148, 126 S.Ct. 2557; *Williams v. State,* 252 S.W.3d 353, 357 (Tex.Crim.App.2008) ("[M]ost constitutional errors are subject to a harm analysis....").

■■ In the context of jury-charge errors, the standard for assessing harm depends upon whether the defendant objected to the charge at trial. *See Jimenez v. State,* 32 S.W.3d 233, 237 (Tex.Crim.App. 2000). When, as here, the accused did not object to the erroneous charge and raises that complaint for the first time on appeal, he must show fundamental error, that is, the error was "egregious and created such harm that appellant was denied a fair trial." *Warner v. State,* 245 S.W.3d 458, 461 (Tex.Crim.App.2008). Generally, an error

---

**3.** *See Littrell v. State,* 271 S.W.3d 273, 277 (Tex.Crim.App.2008) (holding aggravated robbery can constitute a lesser-included offense of felony murder, but not as to murder under section 19.02(b)(1)); *Ex parte Brosky,* 863 S.W.2d 783, 784 & n. 4 (Tex.App.-Fort Worth 1993, no pet.) (holding criminal conspiracy is not a lesser-included offense of murder because conspiracy, unlike murder, requires proof of an agreement to commit an offense).

**4.** *See also Flores v. State,* 48 S.W.3d 397, 402–03 (Tex.App.-Waco 2001, pet. ref'd) (holding jury charge to be "fundamentally defective" if it authorizes conviction on different theory than alleged in the indictment).

**5.** The State also suggests estoppel as a basis for affirming appellant's conviction, repeatedly arguing in its brief that the inclusion of other jury instructions reveals appellant's involvement in *"apparently* request[ing] the lesser offenses." However, the State concedes the record does not directly support its argument and, while a defendant may not complain about a charge he requested, we will not presume estoppel from a silent record that does not reflect who requested the submission of conspiracy charges. *See Trejo v. State,* 280 S.W.3d 258, 260 (Tex.Crim.App. 2009).

results in egregious harm if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Id.* at 461–62. Therefore, we consider appellant's contention that he was deprived of his valuable due-process rights, under both the United States and Texas Constitutions, to notice of the charges brought against him.

### 1. Deprivation of Due–Process Rights

■■■■■ Both the United States and Texas Constitutions guarantee the rights of a criminal defendant to know the nature of the charges brought against him. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10; *Sanchez v. State*, 182 S.W.3d 34, 44–45 (Tex.App.-San Antonio 2005), *aff'd*, 209 S.W.3d 117 (Tex.Crim.App.2006). This right has been described as "fundamental." *State v. Moff*, 154 S.W.3d 599, 602 (Tex. Crim.App.2004). Such due-process notice must come from the face of the charging instrument and be specific enough to allow the defendant to investigate the allegations and prepare a defense. *See id.; Riney v. State*, 28 S.W.3d 561, 565 (Tex.Crim.App. 2000); *Sanchez*, 182 S.W.3d at 45. Thus, the defendant need not look beyond the indictment to determine the charges he must defend and is not required to anticipate any and all variant facts the State might hypothetically seek to prove. *Riney*, 28 S.W.3d at 565; *Sanchez*, 182 S.W.3d at 45.

■■■■ Here, the indictment notified appellant he would have to defend against a charge of murder under the alternative theories of knowingly causing the complainant's death or committing a dangerous act with the intent to cause the complainant serious bodily injury. *See* Tex. Penal Code Ann. § 19.02(b)(1), (2). However, the indictment did not inform appellant of the State's intent to pursue a conviction for conspiracy to commit aggravated robbery. Because this omission deprived him of constitutional notice and the chance to prepare an adequate defense, appellant's conviction cannot stand. *See Schmuck*, 489 U.S. at 717, 109 S.Ct. 1443.

Accordingly, we hold the absence of notice of the conspiracy charges deprived appellant of due process, a fundamental and valuable right essential to a criminal-justice system that depends upon notions of fairness. *See Moff*, 154 S.W.3d at 602; *see also Almanza v. State*, 686 S.W.2d 157, 173 (Tex.Crim.App.1985) (concluding a conviction upon an unindicted offense would violate the defendant's constitutional due-process rights), *superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787 (Tex.Crim.App. 1988). Therefore, because the deprivation of a valuable right constitutes egregious error, we must reverse appellant's conviction for the unindicted offense of conspiracy to commit aggravated robbery. *See Warner*, 245 S.W.3d at 461–62.

### 2. Harm Analysis under *Almanza v. State*

On rehearing, following *Trejo v. State*,[6] the State contends we must review appellant's conviction for harmless error by applying the factors described in *Almanza v. State*. In *Trejo*, a panel of this court reversed a conviction on an unindicted offense that was not a lesser-included offense of the crime charged. 242 S.W.3d 48, 52, 54 (Tex.App.-Houston [14th Dist.] 2007), *vacated*, 280 S.W.3d 258 (Tex.Crim. App.2009). Holding the trial court lacked jurisdiction to convict an accused of an unindicted crime, this court did not review the charge error for harm. *See id.* at 52.

6. 280 S.W.3d 258 (Tex.Crim.App.2009).

On petition for discretionary review, the Texas Court of Criminal Appeals announced that the trial court's error should not be considered jurisdictional in nature. *See Trejo*, 280 S.W.3d at 261. Accordingly, the Court remanded *Trejo* to this court for a harm analysis. *See id.* Further, the Court directed this court to assess harm using the factors specified in *Almanza:* "[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information releaved [sic] by the record of the trial as a whole." *Id.* (quoting *Almanza*, 686 S.W.2d at 171).

Application of the *Almanza* factors to a conviction for a crime "totally different" from the indicted offense is problematic. *See Almanza*, 686 S.W.2d at 173. While *Almanza* rejected the notion of automatic reversal for errors in charging alternative theories of the same offense, that category of "jury charge error" was understandably seen as different from cases, as here, in which the accused was convicted of an altogether different, uncharged offense. *See id.* at 173–74. In fact, the *Almanza* Court expressly noted, "it is clear that due process would be violated *per se* by convicting a person for murder when he had been indicted for a totally different offense such as robbery...." *Id.* at 173.

Moreover, the *Almanza* factors, at best, seem an imperfect test to apply in this particular context. That is, to the extent *Almanza* considers events occurring *during* trial, those factors may not be of much assistance in adjudging whether a defendant suffered harm from the deprivation of (1) requisite *pretrial* notice of the charges against him, (2) the opportunity to enter a *pretrial* plea on such unindicted offenses, and (3) the ability to prepare a trial strategy to defend against such charges. *See*

Tex.Code Crim. Proc. Ann. art. 36.01(a) (Vernon 2007) (prescribing procedure for formal reading of indictment and entry of defendant's plea); *Martinez v. State*, 155 S.W.3d 491, 495 (Tex.App.-San Antonio 2004, no pet.) (explaining rationale of Article 36.01 "is to inform the accused of charges against him") (citing *Warren v. State*, 693 S.W.2d 414, 415 (Tex.Crim.App. 1985)).

▮ Nevertheless, until the Court of Criminal Appeals adopts a different test in this context or holds such error to be *per se* harmful absent proof of the defendant's estoppel, as an intermediate court, we must follow its directive in *Trejo* to consider harm using the *Almanza* factors. *See Trejo*, 280 S.W.3d at 261; *Rodriguez v. State*, 47 S.W.3d 86, 94–95 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) ("This court, as an intermediate appellate court, is bound to follow the law as declared by the state's highest courts. The Court of Criminal Appeals is the highest court on matters of criminal law, and when it has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation.") (citation omitted). Having done so, we focus on the specific facts of this case, and hold appellant was egregiously harmed by the submission of unindicted offenses. *See Almanza*, 686 S.W.2d at 172–73.

### a. Entire Jury Charge

As to the crime of murder, the language in the charge fairly tracks the allegations in the indictment, in which appellant was accused of two alternative theories of the same offense of murder. *See* Tex. Penal Code Ann. § 19.02(b)(1), (2). The charge also authorized the jury to convict appellant as a party to the offense of murder. *See id.* §§ 7.01, 7.02 (Vernon 2003). Nevertheless, the jury acquitted appellant of murder, the only offense alleged in the

indictment, under any and all theories advanced by the State.

Further, the charge improperly authorized the jury to convict appellant of conspiracy, an altogether different offense not alleged in the indictment. *See Castillo,* 7 S.W.3d at 260–61 (holding defendant suffered egregious harm from charge authorizing conviction on grounds other than those contained in indictment). Thus, although some types of charge error may be corrected or ameliorated by another portion of the charge, this case does not fall within that category. *See Ngo v. State,* 175 S.W.3d 738, 751 (Tex.Crim.App.2005) (contemplating harmless-error when jury charge "is simply missing an important word … which reasonable jurors might infer from the context of the entire charge"). Therefore, this *Almanza* factor weighs in favor of a finding of harm. *See Frost v. State,* 25 S.W.3d 395, 401 (Tex. App.-Austin 2000, no pet.) (holding defendant was egregiously harmed by conviction on unindicted offense); *Castillo,* 7 S.W.3d at 260; *Daniels,* 754 S.W.2d at 223.

### b.  State of the Evidence and Arguments of Counsel

The State presents similar arguments with respect to these two *Almanza* factors, and we therefore consider them together. Both arguments are premised upon the State's admitted need to prove appellant's criminal responsibility *as a party* to the offense, rather than a direct participant in the complainant's shooting. Thus, the State contends its intent to prove appellant guilty of participating in a criminal conspiracy was evident at the time of jury selection, and appellant's trial counsel therefore could not have been surprised.

This argument is not convincing, for at least two reasons.

First, when the State seeks to convict the defendant of murder simply as a party to a crime rather than the principal actor, as here, the prosecutor's occasional reference to a conspiracy does not put the defendant on notice of some intent to pursue a *separate* conviction for the unindicted offense of "criminal conspiracy." [7] Instead, in this context, proof of the existence of a "conspiracy," that is, an agreement to commit a crime,[8] is simply one manner to show the defendant's solicitation or encouragement of another to commit an offense, a requisite element to the crime of "murder as a party." *See* Tex. Penal Code Ann. § 7.02(a)(2). Further, to the extent the prosecutor's word choice might have hinted at the *possibility* of a conviction for conspiracy, his immediate request that the jury only "find [appellant] guilty of Murder" would have eliminated any such misapprehension by the appellant. Thus, we disagree with the State's contention that using the word "conspiracy" during a murder-as-a-party trial could somehow fairly substitute for formal notification of the State's intent to convict appellant of criminal conspiracy. *See Riney,* 28 S.W.3d at 565; *Sanchez,* 182 S.W.3d at 45.

Second, the State cites no authority, nor have we found any, for the proposition that a deprivation of constitutional due process may be cured by providing the requisite notice after trial has already begun. *See Riney,* 28 S.W.3d at 565 (requiring due-process notice to come from face of indictment); *see also, e.g., Weatherby v. State,* 61 S.W.3d 733, 739 (Tex.App.-Fort Worth 2001, pet. ref'd) (Dauphinot, J., concurring) ("There is no such thing as trial by consent

---

7.  *See Brosky,* 863 S.W.2d at 784 & n. 4 (holding conspiracy is not a lesser-included offense of murder as a party).

8.  *See* Tex. Penal Code Ann. § 15.02(a)(1) (Vernon 2003).

in a criminal case.") (citing *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Crim.App.1980)).

Thus, after considering the *Almanza* factors, we hold appellant was egregiously harmed by the submission of a charge authorizing the jury to convict him for an unindicted offense. *See Daniels,* 754 S.W.2d at 223; *Frost,* 25 S.W.3d at 401; *Castillo,* 7 S.W.3d at 260–61.

### III.

#### CONCLUSION

Because the jury charge improperly allowed the jury to convict appellant of a crime for which he was not indicted, we hold appellant was egregiously harmed by the deprivation of his due-process right to appropriate pretrial notice of the charges against him. *See Almanza,* 686 S.W.2d at 172. Therefore, we must sustain appellant's first issue.

Accordingly, the trial court's judgment is reversed, with instructions to render a judgment of acquittal on the only charge alleged in the indictment, murder. *See Castillo,* 7 S.W.3d at 262 (citing *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). However, our disposition of this appeal does not preclude the State from seeking a new indictment for a previously unindicted offense. *See Barnes v. State,* 644 S.W.2d 1, 2–3 (Tex.Crim.App. 1982); *Castillo,* 7 S.W.3d at 262.