Roberto Yarit TREJO, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–06–00168–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 20, 2010.

Kenneth E. Goode, Houston, for appellant.

Eric Kugler, Houston, for state.

Panel consists of Justices FROST, SEYMORE, and BOYCE.

## OPINION ON REMAND

KEM THOMPSON FROST, Justice.

Appellant was charged by indictment with the offense of aggravated sexual as-

sault. The jury acquitted appellant of this offense and found him guilty of aggravated assault, which the trial court submitted to the jury as a lesser-included offense. On remand from the Court of Criminal Appeals, this court must determine whether appellant suffered egregious harm based on the trial court's error in charging the jury on aggravated assault even though this offense was not a lesser-included offense of the indicted offense. Concluding that appellant suffered egregious harm, we reverse the trial court's judgment and remand with instructions to render a judgment of acquittal.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of aggravated sexual assault stemming from an incident involving appellant and a woman with whom he lived.[1] At trial, the court's jury charge authorized the jury to convict appellant for the offense of aggravated sexual assault, as charged in the indictment, or for one of the following offenses: sexual assault, aggravated assault by causing serious bodily injury, and assault by causing bodily injury. The record does not reflect that appellant requested that the jury be charged on aggravated assault by causing bodily injury. The jury found appellant guilty of aggravated assault by causing bodily injury and assessed punishment at five years' confinement.

On original submission, a panel of this court concluded that aggravated assault by causing bodily injury was not a lesser-included offense of the aggravated sexual assault charged in the indictment and that therefore the trial court lacked jurisdiction to convict appellant of aggravated assault in this case. *See Trejo v. State,* 242 S.W.3d 48, 54 (Tex.App.-Houston [14th

Dist.] 2007), *vacated,* 280 S.W.3d 258 (Tex. Crim.App.2009). On discretionary review, the Court of Criminal Appeals determined that the trial court's error was charge error that did not deprive the trial court of jurisdiction. *See Trejo v. State,* 280 S.W.3d 258, 261 (Tex.Crim.App.2009). Therefore, the Court of Criminal Appeals vacated this court's judgment and remanded for a determination as to whether the charge error resulted in egregious harm under the legal standard articulated in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (op. on reh'g), *superseded on other grounds by rule as stated in Rodriguez v. State,* 758 S.W.2d 787, 788 (Tex.Crim.App.1988). *See id.*

## ANALYSIS

Egregious harm deprives appellant of a fair and impartial trial. *See Almanza,* 686 S.W.2d at 171. Egregious harm occurs when the error "affects 'the very basis of the case,' deprives the defendant of a 'valuable right,' or 'vitally affect[s] a defensive theory.'" *Olivas v. State,* 202 S.W.3d 137, 144 (Tex.Crim.App. 2006) (quoting *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996) and *Almanza,* 686 S.W.2d at 172). In the egregious-harm analysis, we consider (1) the charge itself, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) arguments of counsel; and, (4) any other relevant information revealed by the trial record as a whole. *See Hutch,* 922 S.W.2d at 171.

### The Jury Charge

The language in the trial court's jury charge fairly tracks the allegation of aggravated sexual assault as charged in the indictment, in which the State alleged ap-

---

1. The facts of this case are set forth in detail in *Trejo v. State,* 242 S.W.3d 48, 49–50 (Tex. App.-Houston [14th Dist.] 2007), *vacated,* 280 S.W.3d 258 (Tex.Crim.App.2009).

pellant intentionally or knowingly penetrated the complainant's sexual organ with his sexual organ without her consent by compelling her to submit and participate by (1) using physical force and violence, or (2) threatening to use force and violence against her and she believed appellant had the present ability to execute the threat, and by acts or words placed the complainant in fear that serious bodily injury would be imminently inflicted on her. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(A)(i), (a)(2)(A)(ii), 22.011(b)(1), (2) (Vernon Supp. 2009). In the charge, the trial court instructed the jury that, unless the jury found beyond a reasonable doubt that appellant was guilty of aggravated sexual assault as charged, the jury would acquit appellant of aggravated sexual assault and then consider whether appellant was guilty of sexual assault.

After charging the jury on sexual assault, the trial court instructed that, unless the jury found beyond a reasonable doubt that appellant was guilty of sexual assault as charged, the jury would acquit appellant of sexual assault and then consider whether appellant was guilty of aggravated assault. The trial court then charged the jury on an aggravated assault offense that was neither contained in the indictment nor a lesser-included offense of the crime charged in the indictment. *See Trejo*, 242 S.W.3d at 51–52. Under this charge, by finding appellant guilty of aggravated assault, the jury acquitted appellant of aggravated sexual assault and sexual assault. *See Woodard v. State*, 300 S.W.3d 404, 410–11 (Tex.App.-Houston [14th Dist.] 2009, pet. granted); *Castillo v. State*, 7 S.W.3d 253, 260 (Tex.App.-Austin 1999, pet. ref'd). Consequently, the jury acquitted appellant of the indicted offense and a lesser-included offense of the indicted offense. Then, as a result of the charge error, the jury convicted appellant of an offense that was not charged in the indictment and that was not a lesser-included offense of the indicted offense. The charge improperly authorized the jury to convict appellant of an altogether different offense than the offense charged in the indictment. Though the remainder of the charge contains no other errors, the charge does not contain any language that would correct or mitigate the damage caused by this charge error. The first *Almanza* factor weighs in favor of finding egregious harm. *See Woodard*, 300 S.W.3d at 410–11.

*The State of the Evidence*

■ The trial evidence is legally sufficient to support appellant's conviction for the offense of aggravated sexual assault, sexual assault, or aggravated assault. However, the jury acquitted appellant of the first two offenses, and the harm as to the third is the deprivation of appellant's valuable right to notice, from the indictment, of the offense charged so that appellant may prepare, in advance of trial, an informed and effective defense. *See Riney v. State*, 28 S.W.3d 561, 565 (Tex.Crim. App.2000). Notice of the nature and cause of the accusation must come from the face of the indictment, and the accused is not required to look elsewhere. *See id.* It is not sufficient to say that the accused knew with what offense he was charged; rather, the written indictment must furnish that information in plain and intelligible language. *See id.*

The State asserts that, because the indictment alleged that appellant caused the penetration of the complainant's sexual organ by the use of "physical force and violence" and by placing her in fear "that serious bodily injury would be imminently inflicted," appellant was on notice that serious bodily injury would be a factual issue at trial. Although it is alleged in the

indictment that appellant put the complainant in fear that serious bodily injury would be inflicted upon her, it is not alleged that appellant caused the complainant any bodily injury or that he committed aggravated assault. In the indictment, appellant was not furnished with notice that he was charged with intentionally or knowingly causing serious bodily injury to the complainant by striking her with his hands, which is the aggravated assault offense that was erroneously submitted in the jury charge.[2] The state of the evidence weighs in favor of finding egregious harm based on the deprivation of appellant's valuable right to notice, from the indictment, of the offense charged. *See Riney*, 28 S.W.3d at 565; *Woodard*, 300 S.W.3d at 411–12.

### Arguments of Counsel

During closing argument, the State focused almost exclusively on its argument that appellant was guilty of aggravated sexual assault; however, the State did assert that, if the jury acquitted appellant of the first two offenses and if the jury believed that appellant caused serious bodily injury to the complainant, then the jury should find appellant guilty of aggravated assault. Appellant's trial counsel argued that appellant did not penetrate the complainant's sexual organ with his sexual organ and that the complainant did not suffer serious bodily injury. Therefore, appellant's trial counsel argued that appellant was not guilty of aggravated sexual assault, sexual assault, or aggravated assault but that he was guilty only

of assault. Because the State told the jury it could convict appellant based on aggravated assault, which was an unindicted offense, the arguments of counsel weigh in favor of finding egregious harm. *See Woodard*, 300 S.W.3d at 411–12.

### Other Relevant Information Revealed by the Record

Appellant asserts that there is no other relevant information revealed by the record. As to the fourth *Almanza* factor, the State makes an argument based on the concurring opinion in *Teal v. State. See* 230 S.W.3d at 183–84 (Keller, P.J., concurring). In *Teal*, the indictment contained one of the two additional elements needed to allege the felony offense of hindering apprehension instead of misdemeanor hindering apprehension. *See Teal*, 230 S.W.3d at 174. The author of the concurring opinion stated that, by alleging one of the additional elements in an indictment filed in the district court, the indictment suggested the felony offense of hindering apprehension and was sufficient to confer subject matter jurisdiction on the trial court. *See id.* at 183–84 & n. 12.

In contrast, the Court of Criminal Appeals has held that the trial court below had subject matter jurisdiction, so subject matter jurisdiction is not an issue before this court on remand. *See Trejo*, 280 S.W.3d at 260–61. In addition, unlike the appellant in *Teal*, the appellant in this case does not assert a defect in the indictment. *See Teal*, 230 S.W.3d at 183–84. As point-

---

**2.** The State relies on *Teal v. State. See* 230 S.W.3d 172, 180–82 (Tex.Crim.App.2007). However, in that case the appellant complained that a defect in the indictment deprived the trial court of subject matter jurisdiction. *See id.* The *Teal* court held that the trial court had jurisdiction because, even though the indictment was defective, the district court and the defendant could determine from the face of the indictment that the grand jury intended to charge the defendant with a felony or other offense over which the district court had jurisdiction. *See id.* The *Teal* court did not address a complaint that the appellant was convicted for an offense not charged in the indictment, and the *Teal* court did not determine whether there was egregious harm under *Almanza. See id.* Therefore, the *Teal* case is not on point.

ed out by the author of the *Teal* concurring opinion, "even when an indictment is error-free, a defendant can raise a claim that he was convicted of an offense that was not authorized by the facially complete indictment. Under those circumstances, the defendant can argue persuasively that the indictment was not defective, and thus, there was nothing to object to prior to trial. In that situation, there is no *indictment* error; rather, there is error in charging the jury or in rendering judgment on an offense that the indictment does not authorize." *Id.* The author pointed out that, if such error is considered to be in the jury charge, then even absent preservation of error in the trial court, the error is still reversible if it resulted in egregious harm under *Almanza. See id.* at 184, n. 10.

The Court of Criminal Appeals in *Trejo* held that the error in this case is in the jury charge and remanded the case to this court for a determination as to whether this error resulted in egregious harm under *Almanza. See Trejo,* 280 S.W.3d at 261. The author of the concurring opinion in *Teal* expressly distinguished the situation in the case at hand from the situation in *Teal. See Teal,* 230 S.W.3d at 183–84. Therefore, the concurring opinion in *Teal* does not support the State's argument that the charge error in this case did not result in egregious harm. We do not find any other information revealed by the record relevant to the egregious-harm analysis.

### CONCLUSION

█ Having considered the factors set forth in *Almanza,* we hold appellant was egregiously harmed by the trial court's submission of a charge authorizing the jury to convict appellant for an unindicted offense. *See Daniels v. State,* 754 S.W.2d 214, 222–23 (Tex.Crim.App.1988) (holding that charge error that allowed jury to con-

vict appellant for an unindicted offense caused egregious harm); *Woodard,* 300 S.W.3d at 410–12 (same as *Daniels*); *Steward v. State,* 830 S.W.2d 771, 774 (Tex. App.-Houston [14th Dist.] 1992, no pet.) (same as *Daniels*); *Farrakhan v. State,* 263 S.W.3d 124, 144–45 (Tex.App.-Houston [1st Dist.] 2006) (same as *Daniels*), *aff'd,* 247 S.W.3d 720 (Tex.Crim.App.2008); *Castillo,* 7 S.W.3d at 260–61 (same as *Daniels*). Accordingly, we reverse the trial court's judgment and remand with instructions to render a judgment of acquittal. *See Woodard,* 300 S.W.3d at 412; *Castillo,* 7 S.W.3d at 262. Our disposition of this appeal does not preclude the State from seeking a new indictment for aggravated assault. *See Woodard,* 300 S.W.3d at 412; *Castillo,* 7 S.W.3d at 262.