Reversed and Remanded and Opinion on
Remand filed May 20, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-06-00168-CR



Roberto Yarit
Trejo, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 174th District Court

Harris County, Texas

Trial Court
Cause No. 1056360



 

O P I N I O N  O N  R E M A N D

Appellant was charged by indictment with the offense
of aggravated sexual assault.  The jury acquitted appellant of this offense and
found him guilty of aggravated assault, which the trial court submitted to the
jury as a lesser-included offense.  On remand from the Court of Criminal
Appeals, this court must determine whether appellant suffered egregious harm based
on the trial court’s error in charging the jury on aggravated assault even
though this offense was not a lesser-included offense of the indicted offense. 
Concluding that appellant suffered egregious harm, we reverse the trial court’s
judgment and remand with instructions to render a judgment of acquittal.

Factual and Procedural Background

Appellant was charged by indictment with the offense
of aggravated sexual assault stemming from an incident involving appellant and
a woman with whom he lived.[1] 
At trial, the court’s jury charge authorized the jury to convict appellant for
the offense of aggravated sexual assault, as charged in the indictment, or for one
of the following offenses: sexual assault, aggravated assault by causing
serious bodily injury, and assault by causing bodily injury.  The record does
not reflect that appellant requested that the jury be charged on aggravated
assault by causing bodily injury.  The jury found appellant guilty of aggravated
assault by causing bodily injury and assessed punishment at five years’
confinement.

On original submission, a panel of this court
concluded that aggravated assault by causing bodily injury was not a
lesser-included offense of the aggravated sexual assault charged in the
indictment and that therefore the trial court lacked jurisdiction to convict
appellant of aggravated assault in this case.  See Trejo v. State, 242
S.W.3d 48, 54 (Tex. App.—Houston [14th Dist.] 2007), vacated, 280 S.W.3d
258 (Tex. Crim. App. 2009).  On discretionary review, the Court of Criminal
Appeals determined that the trial court’s error was charge error that did not
deprive the trial court of jurisdiction.  See Trejo v. State, 280 S.W.3d
258, 261 (Tex. Crim. App. 2009).  Therefore, the Court of Criminal
Appeals vacated this court’s judgment and remanded for a determination as to
whether the charge error resulted in egregious harm under the legal standard
articulated in Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985) (op. on reh’g), superseded on other grounds by rule as stated in Rodriguez
v. State, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988).  See id. 

Analysis

Egregious
harm deprives appellant of a fair and impartial trial.  See Almanza, 686 S.W.2d at 171.  Egregious
harm occurs when the error “affects ‘the very basis of the case,’ deprives the
defendant of a ‘valuable right,’ or ‘vitally affect[s] a defensive theory.’” Olivas
v. State, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (quoting Hutch v.
State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) and Almanza, 686
S.W.2d at 172).  In the egregious-harm analysis, we consider (1) the charge itself, (2) the state of the evidence,
including contested issues and the weight of the probative evidence, (3)
arguments of counsel; and, (4) any other relevant information revealed by the trial
record as a whole.  See Hutch, 922 S.W.2d at 171.

The Jury Charge

The language in the trial court’s jury charge fairly
tracks the allegation of aggravated sexual assault as charged in the indictment,
in which the State alleged appellant intentionally or knowingly penetrated the
complainant’s sexual organ with his sexual organ without her consent by
compelling her to submit and participate by (1) using physical force and
violence, or (2) threatening to use force and violence against her and she
believed appellant had the present ability to execute the threat, and by acts
or words placed the complainant in fear that serious bodily injury would be
imminently inflicted on her.  See Tex.
Penal Code Ann. §§ 22.021 (a)(1)(A)(i), (a)(2)(A)(ii), 22.011(b)(1), (2)
(Vernon Supp. 2009).  In the charge, the trial court instructed the jury that,
unless the jury found beyond a reasonable doubt that appellant was guilty of
aggravated sexual assault as charged, the jury would acquit appellant of
aggravated sexual assault and then consider whether appellant was guilty of
sexual assault.  

After charging the jury on sexual assault, the trial
court instructed that, unless the jury found beyond a reasonable doubt that appellant
was guilty of sexual assault as charged, the jury would acquit appellant of
sexual assault and then consider whether appellant was guilty of aggravated
assault.  The trial court then charged the jury on an aggravated assault
offense that was neither contained in the indictment nor a lesser-included offense
of the crime charged in the indictment.  See Trejo, 242 S.W.3d at
51–52.  Under this charge, by finding appellant guilty of aggravated assault,
the jury acquitted appellant of aggravated sexual assault and sexual assault.  See
Woodard v. State, 300 S.W.3d 404, 410–11 (Tex. App.—Houston [14th Dist.]
2009, pet. granted); Castillo v. State, 7 S.W.3d 253, 260 (Tex. App.—Austin
1999, pet. ref’d).  Consequently, the jury acquitted appellant of the indicted
offense and a lesser-included offense of the indicted offense.  Then, as a
result of the charge error, the jury convicted appellant of an offense that was
not charged in the indictment and that was not a lesser-included offense of the
indicted offense.  The charge improperly authorized the jury to convict
appellant of an altogether different offense  than the offense charged in the
indictment.  Though the remainder of the charge contains no other errors, the
charge does not contain any language that would correct or mitigate the damage
caused by this charge error.  The first Almanza factor weighs in favor of
finding egregious harm.  See Woodard, 300 S.W.3d at 410–11.

The State of the Evidence

The trial evidence is legally sufficient to support
appellant’s conviction for the offense of aggravated sexual assault, sexual
assault, or aggravated assault.  However, the jury acquitted appellant of the
first two offenses, and the harm as to the third is the deprivation of
appellant’s valuable right to notice, from the indictment, of the offense
charged so that appellant may prepare, in advance of trial, an informed and
effective defense.  See Riney v. State, 28 S.W.3d 561, 565 (Tex. Crim.
App. 2000).  Notice of the nature and cause of the accusation must come from
the face of the indictment, and the accused is not required to look elsewhere. 
See id.  It is not sufficient to say that the accused knew with what
offense he was charged; rather, the written indictment must furnish that
information in plain and intelligible language.  See id.  

The State asserts that, because the indictment
alleged that appellant caused the penetration of the complainant’s sexual organ
by the use of “physical force and violence” and by placing her in fear “that
serious bodily injury would be imminently inflicted,” appellant was on notice
that serious bodily injury would be a factual issue at trial.  Although it is
alleged in the indictment that appellant put the complainant in fear that
serious bodily injury would be inflicted upon her, it is not alleged that
appellant caused the complainant any bodily injury or that he committed aggravated
assault.  In the indictment, appellant was not furnished with notice that he
was charged with intentionally or knowingly causing serious bodily injury to
the complainant by striking her with his hands, which is the aggravated assault
offense that was erroneously submitted in the jury charge.[2]  The state
of the evidence weighs in favor of finding egregious harm based on the
deprivation of appellant’s valuable right to notice, from the indictment, of
the offense charged. See Riney, 28 S.W.3d at 565; Woodard, 300
S.W.3d at 411–12.  

Arguments of Counsel

During closing argument, the State focused almost
exclusively on its argument that appellant was guilty of aggravated sexual
assault; however, the State did assert that, if the jury acquitted appellant of
the first two offenses and if the jury believed that appellant caused serious
bodily injury to the complainant, then the jury should find appellant guilty of
aggravated assault.  Appellant’s trial counsel argued that appellant did not penetrate
the complainant’s sexual organ with his sexual organ and that the complainant
did not suffer serious bodily injury.  Therefore, appellant’s trial counsel
argued that appellant was not guilty of aggravated sexual assault, sexual
assault, or aggravated assault but that he was guilty only of assault.  Because
the State told the jury it could convict appellant based on aggravated assault,
which was an unindicted offense, the arguments of counsel weigh in favor of
finding egregious harm.  See Woodard, 300 S.W.3d at 411–12.  

Other Relevant Information Revealed by the Record 

Appellant asserts that there is no other relevant
information revealed by the record.  As to the fourth Almanza factor, the
State makes an argument based on the concurring opinion in Teal v. State. 
See 230 S.W.3d at 183–84 (Keller, P.J., concurring).  In Teal,
the indictment contained one of the two additional elements needed to allege
the felony offense of hindering apprehension instead of misdemeanor hindering
apprehension.  See Teal, 230 S.W.3d at 174.  The author of the
concurring opinion stated that, by alleging one of the additional elements in
an indictment filed in the district court, the indictment suggested the felony
offense of hindering apprehension and was sufficient to confer subject matter
jurisdiction on the trial court.  See id. at  183–84 & n.12.  

In contrast, the Court of Criminal Appeals has held
that the trial court below had subject matter jurisdiction, so subject matter
jurisdiction is not an issue before this court on remand.  See Trejo,
280 S.W.3d at 260–61.  In addition, unlike the appellant in Teal, the
appellant in this case does not assert a defect in the indictment.  See Teal,
230 S.W.3d at  183–84.  As pointed out by the author of the Teal
concurring opinion, “even when an indictment is
error-free, a defendant can raise a claim that he was convicted of an offense
that was not authorized by the facially complete indictment.  Under those circumstances, the defendant can argue
persuasively that the indictment was not defective, and thus, there was nothing
to object to prior to trial. In that situation, there is no indictment
error; rather, there is error in charging the jury or in rendering judgment on
an offense that the indictment does not authorize.”  Id.  The author
pointed out that, if such error is considered to be in the jury charge, then
even absent preservation of error in the trial court, the error is still
reversible if it resulted in egregious harm under Almanza.  See id.
at 184, n.10.  

The Court of Criminal
Appeals in Trejo held that the error in this case is in the jury charge
and remanded the case to this court for a determination as to whether this
error resulted in egregious harm under Almanza.  See Trejo,
280 S.W.3d at 261.  The author of the concurring opinion in Teal
expressly distinguished the situation in the case at hand from the situation in
Teal.  See Teal, 230 S.W.3d at 183–84.  Therefore, the concurring
opinion in Teal does not support the State’s argument that the charge
error in this case did not result in egregious harm.  We do not find any other
information revealed by the record relevant to the egregious-harm analysis. 

Conclusion

Having considered the factors set forth in Almanza,
we hold appellant was egregiously harmed by the trial court’s submission of a
charge authorizing the jury to convict appellant for an unindicted offense.  See
Daniels v. State, 754 S.W.2d 214, 222–23 (Tex. Crim. App. 1988) (holding
that charge error that allowed jury to convict appellant for an unindicted
offense caused egregious harm); Woodard, 300 S.W.3d at 410–12 (same as Daniels);
Steward v. State, 830 S.W.2d 771, 774 (Tex. App.—Houston [14th Dist.]
1992, no pet.) (same as Daniels); Farrakhan v. State, 263 S.W.3d
124, 144–45 (Tex. App.—Houston [1st Dist.] 2006) (same as Daniels), aff’d,
247 S.W.3d 720 (Tex. Crim. App. 2008); Castillo, 7 S.W.3d at 260–61
(same as Daniels).  Accordingly, we reverse the trial court’s judgment and
remand with instructions to render a judgment of acquittal.  See Woodard,
300 S.W.3d at 412; Castillo, 7 S.W.3d at 262.  Our disposition of this
appeal does not preclude the State from seeking a new indictment for 

aggravated assault.  See
Woodard, 300 S.W.3d at 412; Castillo, 7 S.W.3d at 262.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of Justices Frost, Seymore, and Boyce.

Publish —
Tex. R. App. P. 47.2(b).









[1]
The facts of this case are set forth in detail in Trejo v. State, 242
S.W.3d 48, 49–50 (Tex. App.—Houston [14th Dist.] 2007), vacated, 280
S.W.3d 258 (Tex. Crim. App. 2009).  





[2]
The State relies on Teal v. State.  See 230 S.W.3d 172, 180–82
(Tex. Crim. App. 2007).  However, in that case the appellant complained that a
defect in the indictment deprived the trial court of subject matter
jurisdiction.  See id.  The Teal court held that the trial court
had jurisdiction because, even though the indictment was defective, the
district court and the defendant could determine from the face of the
indictment that the grand jury intended to charge the defendant with a felony
or other offense over which the district court had jurisdiction.  See id. 
The Teal court did not address a complaint that the appellant was
convicted for an offense not charged in the indictment, and the Teal
court did not determine whether there was egregious harm under Almanza.
See id.  Therefore, the Teal case is not on point.