Affirmed and Memorandum Opinion on Remand filed March 15, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00288-CR

___________________

 

Andrew Woodard, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 412th District Court

Brazoria County,
Texas



Trial Court Cause No. 53,486

 



 

 

MEMORANDUM OPINION ON REMAND

            This case is on remand from the court of criminal
appeals.  See Woodard v. State, 322 S.W.3d 648, 659–60 (Tex. Crim. App.
2010).  On appeal from his conviction of conspiracy to commit aggravated
robbery, appellant initially raised the following two issues:  (1) whether his constitutional
rights to notice of the charges against him and presentation of his case to a
grand jury were violated when two offenses (conspiracy to commit aggravated
robbery and conspiracy to commit robbery) that were neither indicted nor lesser
included offenses of the indicted offense (murder) were presented to the jury;
and (2) whether defense counsel was ineffective in failing to object to the
submission of jury issues on conspiracy to commit robbery and conspiracy to
commit aggravated robbery when neither offense was a lesser included offense of
murder as charged in the indictment.

            The
State conceded error in submission of the unindicted offenses.  See Woodard
v. State, 300 S.W.3d 404, 406 (Tex. App.—Houston [14th Dist.] 2009), rev’d
322 S.W.3d 648 (Tex. Crim. App. 2010). This court held appellant was
egregiously harmed by the deprivation of his constitutional right to notice of
the criminal charges brought against him, reversed appellant’s conviction for
the unindicted crime of conspiracy to commit aggravated robbery, and remanded
this case to the trial court with instructions to enter an order of acquittal
for the indicted charge of murder.  Id.  On the State’s petition for
discretionary review, the court of criminal appeals reversed and remanded,
holding appellant could not complain for the first time on appeal that the trial
court erred by instructing the jury on an unindicted conspiracy offense, when
the record reflected that appellant had helped prepare the jury charge,
including instructions relating to the unindicted charge of conspiracy to
commit aggravated robbery, to which the State unsuccessfully objected.  322
S.W.3d at 659–60.

            We
now consider appellant’s claim of ineffective assistance of counsel. 
Concluding appellant has not met his burden of establishing counsel’s deficient
performance, we affirm.[1]

            The
Sixth Amendment to the United States Constitution guarantees the right to
reasonably effective assistance of counsel in criminal prosecutions.  U.S.
Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In
reviewing claims of ineffective assistance of counsel, we apply a two-pronged
test.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005)
(citing Strickland v. Washington, 466 U.S. 668, 687–88 (1984)).  To
establish ineffective assistance of counsel, appellant must prove by a
preponderance of the evidence that (1) his trial counsel’s representation was
deficient in that it fell below the standard of prevailing professional norms
and (2) there is a reasonable probability that, but for counsel’s deficiency,
the result of the trial would have been different.  Id. (citing Strickland,
466 U.S. at 687–88).

            A
court need not address both components of the inquiry if a defendant makes an
insufficient showing on one.  Strickland, 466 U.S. at 697.  “Failure to
make the required showing of . . . deficient performance . . . defeats the
ineffectiveness claim.”  Id. at 700.

            In
considering the first prong of the Strickland test, we indulge a strong
presumption that counsel’s actions fell within the wide range of reasonable
professional behavior and were motivated by sound trial strategy.  Id.
at 689; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  To
defeat the presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

            In
most cases, the record on direct appeal is generally undeveloped and cannot
adequately reflect the motives behind trial counsel’s actions, making direct
appeal an inadequate vehicle for raising a claim of ineffective assistance.  Rylander
v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); Jackson v.
State, 973 S.W.2d 954, 957 (Tex. (Tex. Crim. App. 1998) (per curiam).  Trial
counsel may have had a specific strategy for his conduct, and a reviewing court
may not speculate on trial counsel’s motives in the face of a silent record.  See
Thompson, 9 S.W.3d at 814.  On a silent record, this court may conclude
counsel’s performance was deficient only if the challenged conduct was “so
outrageous that no competent attorney would have engaged in it.” Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

            In
the present case, the record is silent regarding why counsel did not object to
submission of the conspiracy charges.  Instead, the record suggests that
counsel, at a minimum, actively participated in drafting the language for the
charges.  As the court of criminal appeals observed, “The record reflects that
appellant helped prepare the charge, including the instruction related to the
unindicted charge of conspiracy to commit aggravated robbery, to which the
State unsuccessfully objected.”  Woodard, 322 S.W.3d at 659.

            Both
conspiracy charges carry lesser penalties than murder.  See Tex. Penal
Code Ann. §§ 15.02, 19.02 (West 2003).[2]  A decision to request instructions on offenses
carrying a lesser penalty can reflect sound trial strategy:

Both sides potentially may benefit from a lesser included
offense instruction. The defense interest is in limiting punishment exposure by
providing a lesser alternative to the charged offense while the prosecution can
obtain a greater likelihood of some type of conviction by giving the jury the
option of convicting for an offense with less difficult proof requirements.

George E. Dix & Robert O.
Dawson, 43 Texas Practice: Criminal Practice and Procedure § 36.50 (2d ed. Supp.
2009), quoted in Woodard, 322 S.W.3d at 660 (Keller, P.J., concurring).

            We cannot say
that counsel’s acquiescence relative to the jury charge was “so outrageous that
no competent attorney would have engaged in it.”  Goodspeed, 187 S.W.3d
at 392.  On the record before this court, appellant has not established
counsel’s performance was deficient.

            For the preceding
reasons, we overrule appellant’s second issue.  Given the disposition of the
court of criminal appeals of appellant’s first issue and our disposition of
appellant’s second issue, we affirm the judgment.

                                                                                    

                                                            /s/                    Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Brown, and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 

 









[1] The factual and
procedural backgrounds of the case are fully discussed in the prior opinions of
this court and the court of criminal appeals.  We do not repeat them here.





[2] An offense under the
criminal conspiracy “section is one category lower than the most serious felony
that is the object of the conspiracy, and if the most serious felony that is
the object of the conspiracy is a state jail felony, the offense is a Class A
misdemeanor.”  Tex. Penal Code Ann. §§ 15.02 (West 2003).

Except for a situation not relevant here, murder is a
“felony of the first degree.”  Tex. Penal Code Ann. §§ 19.02 (West 2003).