

# NUMBER 13-22-00573-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

SALVADOR CANUTO CRUZ,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Silva

Appellant Salvador Canuto Cruz appeals his conviction for aggravated sexual assault of a child, a first-degree felony, for which he was sentenced to twenty-five years' confinement. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(iii), (a)(2)(B); *see also id.* § 22.021(f)(1) (requiring a minimum sentence of twenty-five years' confinement if the

victim is younger than six years of age). By a single issue, Cruz argues that Texas Penal Code § 21.02(e) prohibited the trial court from submitting a charge for both continuous sexual abuse of a young child and one of the predicate offenses to the jury. *See id.* § 21.02(e) (providing that "[a] defendant may not be convicted in the same criminal action of a[] [predicate] offense . . . the victim of which is the same victim as a victim of the [continuous sexual abuse] offense alleged . . . unless" one of three exceptions apply). We affirm.

## I. BACKGROUND

A grand jury indicted Cruz for continuous sexual abuse of Luna, a child under the age of fourteen, between October 11, 2010, through September 1, 2013 (Count One) and aggravated sexual assault of Luna on or about April 3, 2012, when she was under the age of six (Count Two).[1] *See id.* § 21.02(b); *id.* § 22.021(a)(1)(A)(iii), (a)(2)(B). Cruz did not object to the indictment or seek to have either count of the indictment quashed.

The case proceeded to a jury trial. After the conclusion of evidence, the trial court held a charge conference outside the presence of the jury. During the conference, the parties and the trial court crafted the agreed upon jury charges. The trial court issued two jury charges. The first charge was for Count One: continuous sexual abuse of a young child. *See id.* § 21.02(b). The second charge was for Count Two: aggravated sexual assault of a child younger than six years old. *See id.* § 22.021(a)(1)(A)(iii), (a)(2)(B). Cruz did not object to either charge.

---

[1] "Luna" is a pseudonym used in the indictment to protect the identity of the complainant. *See* TEX. CONST. art. I, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process").

The jury found Cruz not guilty of Count One but guilty of Count Two. Cruz elected for the trial court to assess his punishment, which sentenced him to twenty-five years' confinement. *See id.* § 22.021(f)(1). Cruz filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

In reviewing a challenge to a jury charge, we first must determine if the jury charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). "[W]e review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). If error is found, we then analyze the harm resulting from the error. *Id.* at 743. If "an error is preserved with a timely objection . . . then the jury[ ]charge error requires reversal if the appellant suffered some harm as a result of the error." *Sanchez v. State*, 376 S.W.3d 767, 774 (Tex. Crim. App. 2012) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). "The failure to preserve jury[ ]charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal." *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). If the appellant fails to preserve jury charger error, then we review the record for egregious harm. *Sanchez*, 376 S.W.3d at 775.

To determine harm, we consider four factors: (1) the charge itself, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the trial record. *Villarreal v. State*, 453 S.W.3d 429 433 (Tex. Crim. App. 2015). "Egregious harm

3

deprives appellant of a fair and impartial trial." *Trejo v. State*, 313 S.W.3d 870, 871 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Almanza*, 686 S.W.2d at 171). "Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Servin v. State*, 582 S.W.3d 629, 631 (Tex. App.—San Antonio 2019, no pet.) (quoting *Villarreal*, 453 S.W.3d at 433). "Egregious harm is a 'high and difficult standard' to meet, and such a determination must be 'borne out by the trial record.'" *Villarreal*, 453 S.W.3d at 433 (quoting *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013)). Regardless of the degree of harm required to be shown, the "appellant must have suffered actual, rather than theoretical, harm." *Warner*, 245 S.W.3d at 461.

Texas Penal Code § 21.02(e) states that

A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):

(1) is charged in the alternative;

(2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or

(3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

TEX. PENAL CODE ANN. § 21.02(e). Subsection (b) is the primary offense of continuous sexual abuse of a young child, while Subsection (c) sets out the predicate offenses, including aggravated sexual assault under § 22.021. *Id.* § 21.01(b), (c); *see id.* § 22.021.

The court of criminal appeals

has construed [§] 21.02(e) of the [Texas] Penal Code to prohibit the State from obtaining convictions for both the overarching offense of continuous

4

sexual abuse of a child and for any of the predicate offenses, listed in [§] 21.02(c), shown to have occurred as underlying acts of sexual abuse for purposes of proving that continuous sexual abuse.

*Ramos v. State*, 636 S.W.3d 646, 652 (Tex. Crim. App. 2021) (first citing *Soliz v. State*, 353 S.W.3d 850, 853 (Tex. Crim. App. 2011) ("Aggravated sexual assault committed within the time frame of the indicted offense could be charged in the alternative or as a lesser-included offense (leading to just one conviction), but it could not be charged as an *additional* offense (leading to two convictions).") (construing TEX. PENAL CODE ANN. §§ 21.02(c); 21.02(e)); then citing *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014) ("A defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed."); and then citing *Allen v. State*, 620 S.W.3d 915, 921 (Tex. Crim. App. 2021) ("[I]n determining whether a defendant may be convicted for a continuous abuse offense and an offense listed in § 21.02(c) in the same criminal action and against the same victim, the proper consideration is whether the evidence shows that the § 21.02(c) offense occurred outside of the period that the continuous abuse offense was committed.")).

The court of criminal appeals has further noted that

§ 21.02(e) begins by saying that a defendant 'may not be convicted' of a § 21.02(c) offense instead of 'may not be charged.' Thus the § 21.02(e) prohibition against dual convictions, and therefore any exception to § 21.02(e), presupposes that the defendant has been convicted of a continuous abuse offense in the first place.

*Allen*, 620 S.W.3d at 920.

5

## III.   ANALYSIS

Although § 21.02(e) generally applies once a defendant has been convicted of continuous sexual abuse, *see id.*, thus preventing a double jeopardy violation, Cruz insists his complaint is not one of double jeopardy. Instead, Cruz maintains "that the jury's verdict of guilty as to Count Two cannot stand, because it was a predicate offense under Count One, and was not submitted as a lesser included offense . . . a clear violation of the statute." Cruz further argues that "[t]he trial court erred in allowing the State to submit the lesser included offense of aggravated sexual assault to the jury without following the procedure set forth in [§] 21.02(e)." Accordingly, we construe Cruz's argument to allege charge error.

Assuming without deciding that the trial court erred by submitting both charges without the second charge being presented as a lesser included or in the alternative,[2] *see* TEX. PENAL CODE ANN. § 21.02(e)(1), (3), Cruz nonetheless will not succeed as he failed to brief harm. *See* TEX. R. APP. P. 38.1(i); *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) ("An appellate court has no obligation to construct and compose an appellant's issues, facts, and arguments with appropriate citations to authorities and to the record." (cleaned up)); *Briceno v. State*, 675 S.W.3d 87, 96 (Tex. App.—Waco 2023, no pet.) (finding waiver where appellant "inadequately briefed" an issue); *Chaves v. State*, 630 S.W.3d 541, 558 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding that appellant's argument was waived where harm was not adequately briefed).

---

[2] It is undisputed that the offense for Count Two occurred within the time frame of the evidence presented in Count One.

Moreover, even if we were to consider harm, the court of criminal appeals has made it clear that § 21.02(e) operates to prohibit convictions of both continuous sexual abuse and one of its predicated offenses. *See* TEX. PENAL CODE ANN. § 21.02(e); *Ramos*, 636 S.W.3d at 652; *Allen*, 620 S.W.3d at 920; *Price*, 434 S.W.3d at 606; *Soliz*, 353 S.W.3d at 853. Because Cruz was not convicted of both offenses, it would be difficult to conclude that he suffered egregious harm from the trial court's failure to present Count Two in the alternative or as a lesser included. *See* TEX. PENAL CODE ANN. § 21.02(e); *Sanchez*, 376 S.W.3d at 775. Cruz's sole issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
1st day of February, 2024.