**Opinion issued July 26, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00143-CR

_____

**VINCENT ERIC BEASLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 120247**

---

# O P I N I O N

The State charged Vincent Eric Beasley with the offense of burglary of a

habitation with the intent to commit sexual assault. TEX. PENAL CODE ANN.

§ 30.02(a)(1) (West 2011). The jury did not convict Beasley of the primary

charged offense, but found him guilty of sexual assault. It assessed punishment at nine years' confinement. On appeal, Beasley contends that the trial court erroneously charged the jury that it could find him guilty of sexual assault as a lesser-included offense of the burglary charge, because sexual assault was not a lesser-included offense of the burglary charge, and the State did not charge Beasley with sexual assault in the indictment. He also complains that the charge compounded this error by instructing the jury that it could consider whether to find him guilty of the proper lesser-included offense of criminal trespass only if it could not unanimously find beyond a reasonable doubt that he was guilty of sexual assault. We reverse and remand the case for a new trial on the lesser-included offense of criminal trespass.

## Background

The evidence presented at trial showed that Beasley and Iesha Bill entered into an intimate relationship beginning in 2004, one that produced two children. Beasley, however, was abusive to Bill, and a major episode of physical abuse in late 2008 finally caused Bill to end the relationship.

One evening in February 2009, Bill invited a male acquaintance to her home for a dinner date. While she was preparing dinner, Beasley called and told her he was going to come to her apartment to pick up a karate uniform he had left there. Bill responded that it was not a good time for Beasley to come over, but Beasley

2

disregarded her.  When Beasley arrived at Bill's apartment and knocked on the front door, Bill opened it slightly.  Beasley confronted her, stating accusingly, "I bought you that shirt.  Why are you wearing that shirt seeing him when I bought you that shirt?"  He pushed the door open, walked into the apartment and introduced himself to Bill's date.  Then, he pulled Bill into the back of the apartment, asking her how she could bring her date into "our house."  Bill retorted, "What do you mean our house?  Do you not recall the last few months?"  Beasley told her, "I painted this place and you have him here."  He then left the apartment without further incident.

Several hours later, however, Beasley returned.  By about 1:30 a.m, Bill and her date had moved to the master bedroom and were engaged in sexual activity. Her date noticed a shadow cast on the floor and realized that Beasley was watching them from a prone position on the floor near the bedroom's door to the bathroom, which had another door that opened to the living room.  Bill confronted Beasley, screaming, "What are you doing? Why are you here?"  Beasley exclaimed, "I can't believe you let him come in here and do that.  I can't believe you let him touch you."  Bill called 9-1-1, and Beasley fled.  A Houston police officer responded to the call, took statements from Beasley and her date, and checked the apartment. The officer noted that the sliding-glass door was damaged and would no longer lock.  It appeared to the officer that someone had recently pried the door open with

3

a screwdriver. Satisfied that Beasley was no longer in or near the apartment, both the officer and Bill's date left.

About another hour had passed when Bill heard noises that sounded like the movement of a sliding-glass door or footsteps. She began to call 9-1-1, but before she could, Beasley grabbed her and pushed her on the bed. Beasley pinned down Bill's hands and forced his fingers into her vagina while screaming, "How could you do this, how could you bring him in the house?" The noise awakened the children in the next room, and they began to cry. When he heard the crying, Beasley fled from the apartment, and Bill called the police. After the police investigated the incident, they arrested and charged Beasley with burglary of a habitation with the intent to commit sexual assault. The indictment stated:

> VINCENT ERIC BEASLEY, . . . on or about FEBRUARY 11, 2009, did then and there unlawfully, with intent to commit SEXUAL ASSAULT enter a habitation owned by IESHA MONIQUE BILL, a person having greater right to possession of the habitation of [Beasley] . . . without the effective consent of [Bill], namely, without any consent of any kind.

### Trial court proceedings

The record does not identify the extent to which the parties participated in preparing the charge or the party responsible for the instruction on sexual assault. After reviewing the instructions, defense counsel informed the trial court that he had no objection to them. The trial court instructed the jury that if it found

4

beyond a reasonable doubt that on or about the 11th day of February, 2009, in Harris County, Texas, the defendant, Vincent Eric Beasley, did then and there unlawfully, with intent to commit sexual assault enter a habitation owned by [Bill], a person having a greater right to possession of the habitation than the defendant, without the effective consent of [Bill], namely, without any consent of any kind, then you will find the defendant guilty of burglary of a habitation with intent to commit sexual assault, as charged in the indictment.

Next, the charge directed the jury that unless it found "beyond a reasonable doubt, or if you have a reasonable doubt thereof, or if you are unable to agree, you will next consider whether [Beasley] is guilty of the lesser offense of sexual assault," specifically, whether Beasley "unlawfully, intentionally, or knowingly cause[d] the penetration of the female sexual organ of [Bill], without the consent of [Bill], namely, [Beasley] compelled [Bill] to submit or participate by the use of physical force or violence." If the jury could not find beyond a reasonable doubt or was unable to reach an agreement as to whether Beasley was guilty of sexual assault, the trial court instructed the jury to "consider whether [Beasley] is guilty of the lesser offense of criminal trespass of a habitation."

The charge explained that "a person commits the offense of criminal trespass if he enters or remains on property or in a habitation of another without effective consent and he: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so," and that Beasley should be found guilty of criminal trespass if he entered Bill's home without her effective consent after he received notice that entry was forbidden or notice to depart but failed to do so.

5

## Jury Charge Error

Beasley contends that jury charge error violated his federal due process rights and caused egregious harm because it erroneously allowed the jury to find him guilty of sexual assault, an offense not alleged in the indictment.

### *Standard of review*

In determining whether there is reversible error in the jury charge, we first decide whether error exists, and, if it does, then we determine whether the defendant was harmed. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). Jury charge error to which the defendant did not timely object is not harmful and does not require reversal unless the error is so egregious that the defendant is denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *see* TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006) ("Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.").

*The indictment did not charge Beasley with sexual assault*

Both the United States Constitution and the Texas Constitution guarantee a defendant the right to notice of the criminal charges against him. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. This constitutional constraint does not prevent the State from prosecuting or the trial court from instructing the jury on a lesser-included offense of the charged crime, even if the indictment does not expressly allege it. *See McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010). A lesser-included offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09. Thus, notice of the State's intent to prosecute the defendant for a greater offense necessarily informs the defendant, by extension, of the possibility of a conviction on the lesser offense. *See Wasylina v. State*, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009); *Jacob v. State*, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995). By instructing the jury that it could find him guilty of sexual assault—a crime that was not a lesser-included offense of the charged crime—Beasley contends that the trial court denied him notice and the opportunity to prepare a defense to the uncharged crime. *See Jackson v. Virginia*, 443 U.S. 307, 314, 99 S. Ct. 2781, 2786 (1979) ("It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process"), *quoted in Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).

7

The State concedes that it did not charge Beasley with the offense of sexual assault in the indictment. Further, the State does not claim that sexual assault was a lesser-included offense of the charged crime of burglary, as set forth in the indictment. We conclude that it was not. To determine whether an offense is a lesser-included offense of another offense, the reviewing court must ask whether

> the indictment for the greater-inclusive offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.

*Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (footnote omitted), *quoted in Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). This is a question of law, and its resolution does not depend on the evidence to be produced at trial. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007) (explaining application of TEX. PENAL CODE ANN. § 37.09). An analysis of the jury charge in this case confirms that sexual assault was not a lesser-included offense of the crime charged in the indictment.

**Error in the submission of the sexual assault question to the jury**

To determine whether sexual assault is a lesser-included offense of the burglary offense charged in the indictment, we compare the elements of the offense alleged in the indictment with the elements of sexual assault. *See Hall*, 225 S.W.3d at 535–36. Here, the indictment alleges that Beasley, "on or about

8

FEBRUARY 11, 2009, did then and there unlawfully, with intent to commit SEXUAL ASSAULT enter a habitation owned by IESHA MONIQUE BILL, a person having greater right to possession of the habitation of [Beasley] . . . without the effective consent of [Bill], namely, without any consent of any kind." These allegations track the elements of burglary of a habitation set forth in section 30.02(a)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 30.02(a) (explaining that a person commits burglary of a habitation "if, without the effective consent of the owner, the person . . . enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault").[1]

The Court of Criminal Appeals, in the course of addressing a double jeopardy claim, answered the question of whether burglary of a habitation "with intent" to commit a felony constitutes a separate offense from the felony itself. *See Langs v. State*, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006).[2] The Court declared it

---

[1] Alternatively, a person may commit burglary of a habitation by either "remain[ing] concealed, with intent to commit a felony, theft, or an assault, in a building or habitation, or enter[ing] a building or habitation and commit[ing] or attempt[ing] to commit a felony, theft, or an assault." TEX. PENAL CODE ANN. § 30.02(a)(2)–(3). But the State did not charge Beasley with these offenses.

[2] The Court observed that a double jeopardy claim may arise in the lesser-included offense context when "the same conduct is punished twice; once for the basic

well-settled that a substantive felony and a burglary by entering the home without the consent of the owner and with the *intent* to commit that felony are two distinct offenses. The entry of the home with felonious intent and the felony committed within are two distinct criminal acts, and each requires the State to prove an element that the other does not.

*Id.* (footnote omitted). The *Langs* Court distinguished the charge of burglary of a habitation with the intent to commit a felony from a charge that the defendant committed burglary of a habitation and, after entry, attempted to commit or committed a felony. *See id.*; *compare* TEX. PENAL CODE ANN. § 30.02(a)(1) *with* TEX. PENAL CODE ANN. § 30.02(a)(3). A person is guilty of the former, the Court observed, "the moment that he crosses the threshold of a habitation without consent and with the intent to commit the underlying felony. It matters not whether he actually does commit that felony or even if he attempts to commit it." *Langs*, 183 S.W.3d at 686 (footnote omitted). The gravamen of the offense, then, is the entry of the habitation without the effective consent of the owner and with the requisite mental state. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (citing *DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1998). The harm from a burglary results from the entry itself, and the offense is complete once the unlawful entry is made without regard to whether the intended theft or felony is also completed. *Id.* (citing *Richardson v. State*, 888 SW.2d 822, 824

---

conduct, and a second time for that same conduct plus more (for example, attempted assault of Y and assault of Y; assault of X and aggravated assault of X) . . . ." *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).

10

(Tex. Crim. App. 1994). Burglary is not an assaultive offense; it is a crime against property. *Id.* Following *Langs* and *Cavazos*, we hold that sexual assault is not a lesser-included offense of burglary, because sexual assault requires proof of elements that burglary, as charged here, does not. *See Watson*, 306 S.W.3d at 273; *Hall*, 225 S.W.3d at 535. The trial court thus erred in submitting sexual assault as a lesser-included offense of burglary of a habitation.

### *Submission of criminal trespass as a lesser-included offense*

The parties agree that criminal trespass is a lesser-included offense of the burglary of a habitation alleged in the indictment. *See Salazar v. State*, 284 S.W.3d 874, 878 (Tex. Crim. App. 2009) (allegation of "habitation" in indictment charging defendant with burglary of habitation inherently provided notice that entry into habitation was forbidden, establishing element of offense of criminal trespass by same facts required to establish charged burglary-of-habitation offense); *see Goad v. State*, 354 S.W.443, 446 (Tex. Crim. App. 2011). Beasley contends, though, that the jury charge erroneously prevented the jury from considering criminal trespass because it charged the jury as if criminal trespass were a lesser-included offense of sexual assault, rather than burglary.

We agree. Under the court's instructions, the jury could consider whether Beasley was guilty of criminal trespass only if it was unable to reach an agreement as to whether Beasley was guilty of sexual assault. The commingling of valid and

11

invalid alternative grounds for conviction violates a defendant's due process rights. *Griffin v. United States*, 502 U.S. 46, 53, 112 S. Ct. 466, 471 (1991) (declaring that "where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground"); *see also Green v. State*, 233 S.W.3d 72, 80 & n.7, 86 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (finding egregious harm and reversing and remanding for new trial because jury verdict was based on charge that contained several valid legal theories and one invalid theory). Because the jury convicted Beasley of sexual assault—a crime that the State had never charged him with committing—the jury's verdict plainly rests on the invalid theory.

### *No waiver or estoppel to complain of charge error*

Recognizing that the charge error in this case is manifest, the State responds to Beasley's due process claims by asserting that Beasley waived or is estopped from raising the charge complaint on appeal, relying on the Court of Criminal Appeals' decision in *Woodard v. State*, 322 S.W.3d 648 (Tex. Crim. App. 2010). There, the Court held that the defendant was estopped from complaining about a similar unindicted charge issue on appeal because the record showed that the defendant had helped prepare the charge, including the instruction related to unindicted charge. *Id.* at 659. In contrast to the record of defendant's affirmative efforts in *Woodard*, however, the record here is silent on the issue. This case is

12

more like *Bluitt v. State*, which *Woodard* distinguishes. *Woodard*, 322 S.W.3d at 659 (citing *Bluitt*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004) (holding that defendant's statement of "no objection" to erroneous jury charge "shall be deemed equivalent to a failure to object" and defendant "may raise such unobjected-to [jury] charge error on appeal, but may not obtain a reversal for such error unless it resulted in egregious harm")).

According to the State, Beasley's efforts in contesting the sexual assault evidence at trial—in particular, defense counsel's suggestion that Bill fabricated the sexual assault allegation—should estop Beasley from complaining about the error. Beasley's point, though, was not to refute the sexual assault claim, but to show that Beasley lacked the intent to commit sexual assault as alleged in the indictment. The State identifies no affirmative act by Beasley's counsel that would estop him from seeking appellate review of the charge error. We hold that the State has not shown a basis for estoppel. Thus, we examine whether the jury charge error was a harmful one.

### *Harm analysis*

We conclude that because Beasley did not object to the jury charge, we apply the egregious harm standard to determine whether the error requires reversal. *See Woodard*, 322 S.W.3d at 656 (holding that "egregious harm" standard applies to unobjected-to submission of unindicted offense in jury charge). The degree of

13

harm must be evaluated in light of the entire record. *See id.* Under the egregious harm standard, we review alleged charge error by considering (1) the entirety of the charge itself, (2) the evidence, (3) the arguments of counsel, and (4) other relevant information revealed by the record. *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006); *Almanza*, 686 S.W.2d at 171.

The trial court charged the jury on a sexual assault—an offense that was neither expressly charged in the indictment nor implicitly charged in the indictment as a lesser-included offense of the crime charged. *See Trejo v. State*, 313 S.W.3d 870, 872 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). We first examine this error in the context of the jury charge as a whole. *Sanchez*, 209 S.W.3d at 121; *Almanza*, 686 S.W.2d at 171. In *Woodard*, the indictment charged the defendant with murder, but the trial court also submitted a jury instruction on conspiracy to commit aggravated robbery, which was not a valid lesser-included offense. 322 S.W.3d at 649. If the defendant had not invited the error, but had merely failed to object, the Court of Criminal Appeals declared, he would have been entitled to reversal under *Almanza*'s egregious harm standard. 332 S.W.3d at 659.

Nothing about the state of the evidence ameliorates the extremity of the error. In the context of the entire jury charge, the error was case-dispositive—the jury rested its conviction on the crime which the defendant had not been charged with committing. The record consistently shows that the State introduced evidence

14

that Beasley committed sexual assault after entering Bill's home to prove that Beasley possessed the requisite intent to commit sexual assault upon his entry into the apartment. The State responds that the trial court informed the jury panel during voir dire that the State had "to prove that [Beasley] did not come into the home consensually . . . also that if there was a sexual assault, that it wasn't consensual as well." But the trial court made this statement while informing the panel of the elements that the State needed to convict Beasley of prove burglary of a habitation with intent to commit sexual assault. Similarly, the defense's attack on Bill's credibility in reporting the sexual assault was not a recognition of or acquiescence to prosecution of the unindicted charge, because that defense would also undermine a claim that Beasley had the intent to commit the assault when he entered Bill's home.

In contrast to *Woodard*, where voir dire included a discussion of conspiracy to commit robbery, only the charged offense was mentioned here. The State reinforced the notion that the case was limited to the burglary of a habitation with intent to commit sexual assault by reading the indictment aloud to the jury. Then, the State said "You've got to know, in order to find the defendant guilty, that he had the intent to commit sexual assault when he entered the residence," then read the definition of sexual assault aloud to the jury. The State further explained that "You look at a person's conduct . . . and the circumstances surrounding their

15

conduct to determine what they intend to do. . . . Understand that that's the way that intent gets proven in cases like these?" During voir dire, then, discussion of the sexual assault evidence focused on the element of intent necessary to find burglary of a habitation, not as evidence of sexual assault as a primary offense.

The State maintains that Bill's trial testimony that Beasley committed sexual assault equates to notice of the unindicted charge, and that the record confirms that Beasley had notice, because he actively contested the sexual assault allegation. According to the State, Beasley, like the defendant in *Adames v. State*, 353 S.W.3d 854 (Tex. Crim. App. 2011), has conflated the jury charge error with the *Jackson v. Virginia* sufficiency-of-the-evidence standard and confuses sufficiency of the evidence, a due process doctrine, with the due process problem of notice. *See Adames*, 353 S.W.3d at 860–61 (citing *Jackson*, 443, U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)). The State contends that Beasley had notice that he could be found guilty of sexual assault because the offense of sexual assault "was presented to the jury." *See id.*

We find *Adames* inapposite. That case addressed whether the defendant, who was charged with capital murder, had notice that he could be found guilty as a party to capital murder despite charge error in the application paragraph that failed to instruct the jury on the law of parties. *Id.* at 859–60; *see Montoya v. State*, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989) ("It is well accepted that the law of

16

parties may be applied to a case even though no such allegation is contained in the indictment.") The Court upheld the intermediate court's holding that sufficient evidence supported all of the substantive elements of the offense as set out in the hypothetically correct jury charge. *Adames*, 353 S.W.3d at 862.

The appellant in *Adames* was convicted on a theory—the law of parties—that was not presented to the jury in the charge. *Id.* at 856. The indictment of capital murder, however, gave notice that the law of parties could apply to reach a finding of guilt in the defendant's case, and the hypothetically correct jury charge for capital murder, would contain a law-of-parties instruction. *Id.* at 862. Here, in contrast, Beasley was convicted not on a theory encompassed within the offense charged in the indictment, but for an independent offense that did not appear in the indictment and was not tried by the parties. Allowing a jury to find the defendant guilty of an unindicted offense that was not a lesser-included offense of the charged offense runs afoul of due process requirements. *See Hall*, 225 S.W.3d at 537; *see generally Schmuck v. United States*, 489 U.S. 705, 717 (1989) ("It is an ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him." (citations omitted)).

In closing, defense counsel addressed only the burglary of a habitation and criminal trespass charges, arguing that "Mr. Beasley is not guilty of burglary of a

17

habitation with intent to commit sexual assault. If anything, when he came in at 1:30 in the morning, he should not have been there. If anything, he's guilty of being in there without her consent at that time, criminal trespass." These arguments show that the harm substantially resulted from the charge itself, and the harm was not ameliorated by argument of counsel.

We hold that submission of the unindicted charge of sexual assault caused Beasley egregious harm. *See Farrakhan v. State*, 263 S.W.3d 124, 145 (Tex. App.—Houston [1st Dist.] 2006) (holding that charge itself satisfied *Almanza* standard for reversal of unpreserved error because harm flowing from charge was obvious where jury acquitted appellant of charged offense and convicted him of offense with which jury should not have been charged because it was not lesser-included offense), *aff'd*, 247 S.W.3d 720 (Tex. Crim. App. 2008).

### *Effect of reversal*

By finding Beasley guilty of sexual assault, the jury effectively acquitted him of burglary of a habitation. *Green v. United States*, 355 U.S. 184, 190–91, 78 S. Ct. 221, 225 (1957) (holding that, where jury was authorized to find defendant guilty of either first-degree murder or second-degree murder and found him guilty of second-degree murder, double jeopardy barred retrial on first-degree murder charge, jury's finding on lesser charge was implicit acquittal on greater charge); *accord Benavides v. State*, 323 S.W.3d 179, 180 (Tex. Crim. App. 2010)

18

(observing that by convicting defendant of lesser-but-not-included offense, jury implicitly acquitted him of greater); *Farrakhan*, 263 S.W.3d at 145 n.20 ("Because the jury convicted appellant of what was submitted as a lesser-included offense, even if it was not actually a lesser-included offense, the jury implicitly acquitted him of the charged offense . . . .").

Beasley, citing the due process violation associated with the charge error, contends that he is entitled to an acquittal on all charges. The Court of Criminal Appeals has rejected that contention under similar circumstances. *See Benavidez*, 323 S.W.3d at 180. There, the defendant stood trial for the charged offense of aggravated sexual assault. *Id.* The charge erroneously authorized the jury, if it acquitted the defendant of the charged offense, to convict him of the lesser-but-not-included offense of aggravated assault. *Id.* The jury convicted the defendant of aggravated assault, and the defendant appealed. *Id.* Based on that trial error, the court of appeals vacated the judgment and remanded for entry of a judgment of acquittal on the charge of aggravated assault. *Id.*

In reversing the court of appeals, the Court explained:

The jury verdict in this case actually amounted to a finding of fact that [the defendant] was guilty of all of the elements of aggravated assault, and the trial court's judgment reflects accordingly. So nothing occurred at the trial court level that amounted to an acquittal for the lesser-but-not-included offense. Moreover, an appellate court does not properly order the entry of a judgment of acquittal unless either the trial court's ruling amounts to a de facto but unacknowledged

19

acquittal, or the appellate court itself finds that the evidence was legally insufficient to support the conviction.

*Id.* at 181 (footnotes omitted). The Court remanded the case to the court of appeals with directions to conduct an evidentiary sufficiency review, observing that, while the charge error alone would not bar the State from retrying the case, "a finding of legal insufficiency on appeal would interpose a jeopardy bar to retrial." *Id.* at 182–83 (footnote omitted).

### *Evidentiary sufficiency – sexual assault*

Beasley challenges the sufficiency of the evidence supporting his conviction for sexual assault in supplemental briefing. Under the applicable standard of review, the evidence is insufficient to support a conviction if, considering all of the evidence in the light most favorable to the verdict, no rational fact-finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We defer to the fact-finder to fairly resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Under the Texas Penal Code, a person commits the offense of sexual assault if "the person . . . intentionally or knowingly causes the penetration of the . . . sexual organ of another person by any means, without that person's consent." TEX.

20

PENAL CODE ANN. § 22.011(a)(1)(A). Bill testified that Beasley forced her onto the bed and forced his fingers into her vagina. Viewing this evidence in a light most favorable to the verdict, we conclude that a rational fact-finder could find beyond a reasonable doubt each element of the offense of sexual assault. As a result, acquittal on the unindicted offense of sexual assault is not the appropriate disposition here, and jeopardy does not attach to prevent the State from pursuing an indictment for that offense. *See Benavidez*, 323 S.W.3d at 182.

### Lesser-included offense of criminal trespass

Because charge error prevented the jury from considering whether Beasley is guilty of offense of criminal trespass—which was properly included in the charge but not properly predicated—we remand this case to the trial court for a new trial on that offense.

## Conclusion

We reverse the judgment of the trial court, and remand the case for a new trial. *See* TEX. CODE CRIM. PROC. ANN. art. 37.14 (West 2003 & Supp. 2012).


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Sharp.

Publish. TEX. R. APP. P. 47.2(b).

21