**Opinion issued August 30, 2018**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-16-00407-CR

———————————

### ROBERT CHAYENNE ALVAREZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 232nd District Court
### Harris County, Texas
### Trial Court Case No. 1441389

---

## O P I N I O N

Appellant Robert Chayenne Alvarez was indicted for the offense of assault on a public servant. TEX. PENAL CODE § 22.01(b)(1). At trial, the jury charge authorized the jury to convict Alvarez of the offense of assault on a public servant, as charged by the indictment, or of the offense of resisting arrest, *see id*. § 38.03.

The jury only found Alvarez guilty of resisting arrest. The court sentenced him to a suspended sentence of one year in jail, and it placed him on community supervision for two years.

Alvarez contends that the trial court erred by instructing the jury that it could find him guilty of resisting arrest as a lesser-included offense of the indicted charge of assault on a public servant. He argues that this was an egregious error requiring reversal despite his failure to object. The State contends that because the prosecutor asked defense counsel off the record if he wanted the resisting-arrest instruction, and counsel responded that he was "ok with" it, the error was invited.

We are unpersuaded that the record demonstrates that Alvarez invited the error. Accordingly, we reverse and remand the case with instructions to vacate the judgment of conviction for resisting arrest and enter a judgment of acquittal for the charge of assault on a public servant.

**Background**

Appellant Robert Chayenne Alvarez and several others went out to a restaurant for dinner. Alvarez became upset after realizing his bill included a service charge although he already had paid one of his servers a cash tip. A Harris County Deputy Sheriff was working an extra job as security at the restaurant. The deputy saw Alvarez at the register "getting aggressive" and "irate," and "using a lot of vulgar language" toward a cashier. After being signaled by a waitress, the

2

deputy approached Alvarez. The deputy was in full uniform, and he identified himself to Alvarez as a Harris County "police officer."

The deputy asked Alvarez to leave several times, and he informed him that he would be arrested for criminal trespass if he refused. Alvarez remained in the restaurant, and the deputy attempted to handcuff him and arrest him for trespass. After Alvarez failed to cooperate during the arrest, the deputy "had to take him to the ground." During the arrest, Alvarez hit the deputy in his "stomach area" and legs several times, causing him to feel pain.

Alvarez was indicted for assault on a public servant, and the case was tried to a jury. Although the record does not disclose who prepared the jury charge, it suggests that a prosecutor asked defense counsel, off the record, if he wanted an instruction on resisting arrest. Defense counsel responded that he was "ok with" it.

At the close of evidence, the jury was instructed on assault of a public servant, as charged in the indictment. The trial judge also instructed the jury on the offense of resisting arrest. The jury was instructed that unless it found Alvarez guilty of the assault charge, it should "next consider whether" he was "guilty of the lesser offense of resisting arrest." If the jury believed from the evidence that Alvarez was "guilty of either assault on a public servant or resisting arrest," but had "a reasonable doubt as to which of said offenses" he was guilty, they were instructed to "resolve that doubt in the defendant's favor and find him guilty of the

3

lesser offense of resisting arrest." On the verdict form, the jury was required to "choose one" of three options as its verdict: "not guilty," "guilty of assault on a public servant, as charged in the indictment," or "guilty of resisting arrest." The jury found Alvarez guilty only of resisting arrest. Pursuant to an agreement with the State, he was sentenced to one year in county jail, probated for two years.

**Analysis**

On appeal Alvarez asserts that the trial court committed error by instructing the jury to consider the offense of resisting arrest because he was not charged with that offense and it is not a lesser-included charge of the indicted offense of assault on a public servant. Alvarez did not object to the instruction at trial, and subject to the argument that the error was invited, the State concedes the instruction was a fundamental error which would require reversal.

A defendant may not complain on appeal of a jury instruction he affirmatively requested. *See Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009). However, "the mere absence of a showing of responsibility for the inclusion of the charge on the lesser offense" does not suffice to estop an appellant from raising a challenge on appeal. *Id.*

The record does not show who, if anyone, requested that the trial judge give the resisting-arrest instruction. After the close of testimony, the court asked each side if it had received the court's charge and whether there were any objections.

4

Alvarez did not object to the resisting-arrest instruction, and the State had no objections to the charge.

The State's argument that Alvarez invited the error depends upon information documented in the motion for new trial. In that context, Alvarez asserted that his trial counsel, William Cheadle, was "not the one who requested the lesser offense be included." Cheadle's law clerk, Johnathan Webster, provided an affidavit in support of the motion. The affidavit stated, in relevant part:

> Ultimately, the state asked Mr. Cheadle if he wanted Resisting Arrest charge in the jury charge and Mr. Cheadle asked me for my opinion. I told him that I am not a lawyer but that I believe Resisting Arrest is not automatically a lesser included offense [in] this type of case. Mr. Cheadle however proceed[ed] to tell the state that he was ok with the Resisting Arrest lesser charge to appear in the jury charge.

The State argues that defense counsel participated in the preparation of the charge because Webster's affidavit described an exchange in which defense counsel was asked if he "wanted" the resisting-arrest instruction. On this basis, the State contends that Alvarez invited the error and therefore should be estopped from challenging it on appeal. The State relies upon *Woodard v. State*, in which the Court of Criminal Appeals held that when a defendant helped to prepare the jury charge, including an instruction on an unindicted offense which was given over the State's objection, the record "fairly" reflected that he had some responsibility for the challenged instruction. 322 S.W.3d 648, 659 (Tex. Crim. App. 2010). In that

5

circumstance, the defendant was precluded from raising the issue for the first time on appeal. *Id.*

In contrast to *Woodard*, there is no indication that Alvarez's counsel helped to prepare the jury charge or that he submitted the jury instruction now challenged on appeal. During oral argument, the State argued that defense participation could be inferred from the law clerk's affidavit. We disagree. The record in this case fails to establish that Alvarez was responsible for inducing error in the jury charge, such that it would be inequitable to allow him to rely on the same error as the basis for his appeal. *See Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004) (statement of "no objection" to erroneous jury charge was equivalent to failure to object, and defendant was permitted to challenge charge on appeal to extent it resulted in egregious harm).

The State has conceded that if Alvarez's challenge to the charge has not been waived, it requires reversal. Accordingly, we sustain Alvarez's first issue. Because his remaining issues also allege error relating to the unindicted resisting-arrest offense, and none would afford him any greater relief, we need not address his remaining arguments based on federal and state constitutional rights to due process, a grand-jury indictment, and effective representation of counsel. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the judgment of the trial court. By finding Alvarez guilty of resisting arrest, the jury effectively acquitted him of the indicted charge of assault on a public servant. *See, e.g.*, *Beasley v. State*, 426 S.W.3d 140, 149 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We remand the case with instructions to vacate the judgment of conviction for resisting arrest, and to enter a judgment of acquittal for the charge of assault on a public servant. *See Benavidez v. State*, 323 S.W.3d 179, 182–83 (Tex. Crim. App. 2010); *see also Trejo v. State*, 313 S.W.3d 870, 874 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Caughey.

Publish. Tex. R. App. P. 47.2(b).