CAUSE NO. __1250-15__

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

ROBERT JOHN ANTHONY MARTINEZ

Petitioner

vs.

THE STATE OF TEXAS

Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

---

**PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

---

ON APPEAL FROM THE THIRTEENTH COURT OF APPEALS

AT CORPUS CHRISTI, TEXAS

CAUSE NO. 13-13-00714-CR

---

ROBERT JOHN ANTHONY MARTINEZ
TDCJ# 1908811
3899 State Hwy. 98
New Boston,TX  75570

Petitioner, Pro Se

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Honorable Janet Leal  —  Trial Court Judge, 103rd Judicial District, Cameron County, Texas

Luis V. Saenz  —  Cameron County District Attorney
964 E. Harrison St.
Brownsville,TX  78520

Ismael H. Hinojosa  —  Trial Counsel For State

Edna H. Dinsdale  —  Trial Counsel For State

Jennifer M. Avendano  —  Appellate Counsel For State

Edward Stapleton,
Sara Stapleton  —  Trial Counsel For Petitioner
2401 Wildflower, Suite C
Brownsville,TX  78526

Philip Cowen  —  Appellate Counsel For Petitioner
500 E. Levee Street
Brownsville,TX  78520

Robert John Anthony Martinez  —  Petitioner, Pro Se
3899 State Hwy. 98
New Boston,TX  75570

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES, AND COUNSEL..........................ii

TABLE OF CONTENTS................................................iii

INDEX OF AUTHORITIES.............................................iv

STATEMENT REGARDING ORAL ARGUMENT................................v

STATEMENT OF THE CASE............................................1

STATEMENT OF PROCEDURAL HISTORY..................................2

GROUNDS FOR REVIEW..............................................3,4

   Ground One: The Court of Appeals erred in finding that the Trial
           Court's ruling was proper when it ruled that Petitioner's
           oral statement to police was not taken in violation of
           Article 38.22 of the Code of Criminal Procedure, and
           then allowed the statement into evidence during his
           jury trial.

   Ground Two: The Court of Appeals erred in finding that the Trial
           Court did not abuse it's discretion in denying Peti-
           tioner's motion for mistrial when the prosecutor's
           comments during the punishment phase of trial rose to
           the level of prosecutorial misconduct, and prejudicial
           determination of the jury's punishment.

PRAYER FOR RELIEF...............................................9

CERTIFICATE OF SERVICE..........................................10

UNSWORN DECLARATION.............................................10

APPENDIX........................................................11

  "A"). Memorandum Opinion of the Thirteenth Court of Appeals

## INDEX OF AUTHORITIES

\* FEDERAL CASES                                                    page

   Missouri v. Siebert, 542 U.S. 600,604(2004)..................4,6


\* STATE CASES

   Armendariz v. State, 123 S.W.3d 401,404(Tex.Crim.App.2003).....5
   Hawkins v. State, 135 S.W.3d 72,76-77(Tex.Crim.App.2004).......7
   Hubert v. State, 312 S.W.3d 554,557(Tex.Crim.App.2010).........5
   Martinez v. State, 272 S.W.3d 615(Tex.Crim.App.2008)..........6
   Vasquez V. State, 453 S.W.3d 555,564(Tex.App.2014)............5
   Xu v. State, 191 S.W.3d 210,215(Tex.App.San Antonio 2005)......5


\* STATE STATUTES

   Texas Code of Criminal Procedure, Art. 38.22.................3,4
   Texas Health and Safety Code §481.121........................4

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument in this case. Petitioner believes oral argument would be helpful because of the complex nature of the grounds in this case. Petitioner's case contains issues that are unsettled in the courts of appeal.

## STATEMENT OF THE CASE

Petitioner was charged by indictment for the offense of murder. All proceedings were held in the 103rd Judicial District Court, Cameron, Texas. The Honorable Janet Leal presiding. A motion to suppress hearing, regarding an oral statement made by Petitioner, was held on October 15,2013. Petitioner's motion was denied by the trial court by signed order on October 23,2013. Petitioner pleaded not guilty and proceeded to a trial on the merits, which began with a jury being selected on October 28,2013. Petitioner was found guilty of murder on November 4,2013. Petitioner was subsequently sentenced, by the same jury, to 50 years in the Texas Department of Criminal Justice - Correction Institutional Division on November 5,2013.

## STATEMENT OF PROCEDURAL HISTORY

The Thirteenth Court of Appelas affirmed Petitioner's conviction on August 31,2015. No motion for rehearing was filed with that court. Petitioner timely filed a motion for extension of time with this Court, which was granted, and the time to file a Petition for Discretionary Review was extended to November 30,2015. This timely petition now ensues.

## GROUNDS FOR REVIEW

1. The Court of Appeals erred in finding that the trial court's ruling was proper when it ruled that Petitioner's oral statement to police was not taken in violation of Article 38.22 of the Code of Criminal Procedure, and then allowed the statement into evidence during his jury trial.

2. The Court of Appeals erred in finding that the trial court did not abuse it's discretion in denying Petitioner's motion for mistrial when the prosecutor's comments during the punishment phase of trial rose to the level of prosecutorial misconduct, and prejudiced the jury's determination of punishment.

## GROUNDS FOR REVIEW

GROUND ONE: The Court of Appeals erred in finding that the trial court's ruling was proper where it ruled that Petitioner's oral statement to police was not taken in violation of Article 38.22 of the Code of Criminal Procedure and then allowed the statement into evidence during his jury trial.

The trial court in this case held a suppression hearing regarding Petitioner's oral statements to police. This hearing took place on October 15,2013. Petitioner's issue presented to the Thirteenth Court of Appelas deals with Article 38.22 of the Code of Criminal Procedure and because this issue deals with midstream Miranda warnings, the proper standard of review is found in Missouri v. Seibert, 542 U.S. 600,604(2004). The midstream Miranda tactic is also referred to as "question first, warn later." See id. at 610.

Petitioner was arrested on November 20,2012, in connection with the stabbing of Angel Perez. However, Petitioner was initially charged with possession of marijuana. See Tex. Health and Safety Code § 481. 121. Upon his arrest, Petitioner was questioned by police on multiple occasions, first in regards to the possession of marijuana charge. Next, Petitioner was questioned about cell phones, and only then did police notify Petitioner that they were investigating the instant offense. After prolongrd questioning for over a day, Petitioner finally says that he stabbed Perez.

In this issue, to the Thirteenth Court of Appeals, Petitioner argued that his videotaped statement was taken in violation of Article 38.22 of the Code of Criminal Procedure, and that the trial court

committed error by admitting the statement into evidence during trial. In finding that the trial court's ruling was proper, and overruling Petitioner's claim on appeal, the Court of appeals decision conflicts of other Court of Appeals' decisions on the same issue. Further, the Court of Appelas decision conflicts with applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States on an important question of state or federal law, and because of this the Court should grant review.

A trial court's suppression ruling is reviewed under a bifurcated standard. Hubert v. State, 312 S.W.3d 554,557(Tex.Crim.App.2010). Appellate courts must view all of the evidence in the light most favorable to the ruling. Vasquez v. State, 453 S.W.3d 555,564(Tex.App. Houston[14District] 2014, pet. granted). At a suppression hearing, the trial judge is the sole factfinder. Id. Regarding findings of fact, especially where those findings are based on an evaluation of credibility and demeanor, the trial court's rulings are reviewed under an abuse of discretion standard. See Xu v. State, 191 S.W.3d 210,215(Tex.App.-San Antonio 2005). Almost total deference is afforded to a trial court's determination of historical facts supported by the record. Id. However, "the trial court's resolution of mixed questions of law and fact, which does not turn on an evaluation of credibility and demeanor, is reviewed de novo." Xu, 191 S.W.3d at 215. The Court of Appeals is obligated to"uphold the trial court's ruling on appellant's motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case." Armendariz v. State, 123 S.W.3d 401,404(Tex.Crim.App. 2003)(en banc).

The facts in Petitioner's case are clear. As stated, Petitioner

5

was initially arrested and charged with possession of marijuana. Petitioner was questioned by police for the possession charge and informed he was being held regarding "another" investigation as well. At no time was Petitioner informed that he was being held in connection to the murder of Angel Perez. However, police continued to question Petitioner regarding "other" issues. Only after questioning Petitioner multiple times, and while questioning Petitioner about some cell phones connected to this case, do the police inform Petitioner that they are investigating him for the instant offense. It is clear from the record that when Petitioner was read his rights during this second to last interview that he was not aware of the investigation into the instant offense. During this questioning, when Petitioner inculpated himself, is when the police move to sanitize their behavior and have the statement done on videotape covering up their misbehavior so as to meet the requisites of 38.22. The requirements of 38.22 are not met if the prior statements were not videotaped. It is clear in this case that the police did not meet the requirements set out in Code of Criminal Procedure, Article 38.22. In overruling this issue, the Court of Appeals' decision conflicts with this court's decision in <u>Martinez v. State, 272 S.W.3d 615(Tex.Crim.App.2008)</u>. Additionally, the Court of Appeals' decision conflicts with the Supreme Court of the United States' decision in <u>Missouri v. Siebert, 542 U.S. 600(2004)</u>. Because of these conflicts, This Court should grant review in this case.

GROUND TWO: The Court of Appeals erred in finding that the trial court did not abuse it's discretion in denying Petitioner's motion for mistrial when the prosecutor's comments during the punishment phase of trial rose to

6

the level of prosecutorial misconduct, and prejudiced
the jury's determination of punishment.


During the punishment phase of Petitioner's trial, the lead pro-
secutor decided to tell the jury how diffucult a life he had growing
up. While questioning Petitioner, the prosecutor took offense to
Petitioner's comment that he "would imagine that the prosecutor had
a perfect life growing up." In response to this comment, the prose-
cutor then began to tell him his life story. Trial counsel objected
to this as to relevance, and the objection was sustained by the
trial court. However, the prosecutor was not done telling his story,
so ignoring the court's ruling, he continued to belittle the Peti-
tioner and proceeded to compare his life to Petitioner's. After trial
counsel objected two more times, because the prosecutor refused to
stop telling his story, a bench hearing was held on the issue. During
the bench conference, the trial court again told the prosecutor to
move on to another line of questioning. Trial counsel moved for a
mistrial, which was denied by the trial court.

A trial court's ruling on a motion for mistrial is reviewed under
an abuse of discretion standard. Hawkins v. State, 135 S.W.3d 72,76-
77(Tex.Crim.App.2004). It is clear from the record that the trial
court abused it's discretion in this case. The Court of Appeals erred
in finding that the trial court's ruling was appropriate. Discretion-
ary review by this Court is necessary.

The prosecutor's continual attack on Petitioner was calculated to
hurt Petitioner. The Court of Appeals acknowledged that "the pro-
secutor's comments and disregard for the trial court's rulings were
improper", however found that "their severity was slight." Petitioner

7

tends to disagree with this assessment, considering he received a 50-year prison sentence. This is hardly a "slight sentence." The Court of Appeals went on to conclude that, "the trial court gave the proper instruction and asked the jury to disregard, stating that the comments were irrelevant to the situation at hand." However, it is clear that the jury were prejudiced against Petitioner due to the prosecutor's life story. The prosecutor is a trial officer, and any comment made by him is considered highly by the jury. The fact that he was able to come out of his neighborhood lifestyle demeaned Petitioner's heartfelt testimony about how hard his life was. Further, the Court of Appeals claims, "Martinez points to no place in the record where it would be obvious that the jury failed to follow the trial court's instructions. There is no evidence presented that the jury hold the statements made against Martinez in any way." Petitioner wonders how he would be able to elicit such information from the jurors. Even if he were able to learn of such information, it would not be admissible on appeal. Nothing that takes place during jury deliberation is allowed as evidence on appeal. Petitioner was unable to meet the standard set out by the Court of Appeals. Petitioner was clearly prejudiced by the prosecutor's comments in this case. The trial court abused it's discretion in denying Petitioner's motion for mistrial. The Court of Appeals erred in overruling this issue.

## PRAYER FOR RELIEF

Petitioner prays that this Court grant discretionary review in this case. In doing so, Petitioner prays that this case be overturned, and remanded to the trial court for a new trial.

Respectfully submitted,

ROBERT JOHN ANTHONY MARTINEZ
TDCJ# 1908811
3899 State Hwy. 98
New Boston,TX 75570

Petitioner, Pro Se

## CERTIFICATE OF SERVICE

I, Robert John Anthony Martinez, hereby certifies that a true and correcy copy of this Petition for Discretionary Review was served, via the United States Postal Service, addressed to: Jennifer M. Avendana, Assistant District Attorney, 964 E. Harrison St., Brownsville, Texas 78520, on this _____28th_____ day of November, 2015.

                                          ROBERT JOHN ANTHONY MARTINEZ
                                          Petitioner, Pro Se


## UNSWORN DECLARATION

I, Robert John Anthony Martinez, TDCJ No. 1908811, being presently incarcerated at the Berry Telford Unit, TDCJ-CID at Bowie County, Texas, verifies and declares under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge. Executed on this _____28th_____ day of November, 2015.

                                          Robert John Anthony Martinez
                                        TDCJ# 1908811
                                        3899 State Hwy. 98
                                        New Boston,TX  75570

                                        Petitioner, Pro Se

# APPENDIX



# THE THIRTEENTH COURT OF APPEALS

13-13-00714-CR

ROBERT JOHN ANTHONY MARTINEZ A/K/A ROBERTO MARTINEZ A/K/A ROBERT JOHN MARTINEZ A/K/A ROBERT MARTINEZ
v.
THE STATE OF TEXAS

On Appeal from the
103rd District Court of Cameron County, Texas
Trial Cause No. 2013-DCR-0177-D

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be AFFIRMED. The Court orders the judgment of the trial court AFFIRMED.

We further order this decision certified below for observance.

August 31, 2015



NUMBER 13-13-00714-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT JOHN ANTHONY MARTINEZ a/k/a
ROBERTO MARTINEZ a/k/a
ROBERT JOHN MARTINEZ a/k/a
ROBERT MARTINEZ,                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

On appeal from the 103rd District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides

By four issues, appellant Robert John Anthony Martinez a/k/a Roberto Martinez

a/k/a Robert John Martinez a/k/a Robert Martinez appeals his conviction for murder.

See TEX. PENAL CODE ANN. § 19.02 (West, Westlaw through Ch. 46 2015 R.S.).  Martinez

alleges by four issues that: (1) his second oral statement to police was taken in violation of Article 38.22 of the Code of Criminal Procedure and should not have been allowed into evidence during his jury trial; (2) the trial court committed error by not including an instruction in the jury charge on the voluntariness of Martinez's statement; (3) the trial court made comments on the definition of reasonable doubt during the State's voir dire, thereby amounting to an improper comment on the weight of the evidence; and (4) the prosecutor's comments during the punishment phase of the trial amounted to misconduct and a mistrial should have been granted.   We affirm.

## I.   BACKGROUND

On November 19, 2012, Martinez stabbed Angel Perez with a knife and killed him. At trial, Martinez testified in his own defense and stated that he and his friends were at a gathering when they heard that Perez and Perez's friends were breaking into vehicles in their neighborhood and stealing car radios.   Martinez and his friends left the gathering in search of Perez and his friends.   Martinez encountered Perez and confronted him. According to Martinez's statement, Martinez and Perez then engaged in a physical altercation.   Martinez claims that Perez was overpowering him during their altercation. Martinez stated that he stepped back, pulled out a knife, and when Perez approached him again, Martinez stabbed him.   Perez was stabbed more than eighteen times, including a fatal stab wound to his heart.   Martinez said he dropped the knife and left the scene, knowing the police would arrive shortly.   Martinez was apprehended the following morning at a friend's home and initially charged with possession of marijuana.   *See* TEX. HEALTH AND SAFETY CODE § 481.121 (West, Westlaw through Ch. 46 R.S. 2015).

2

Upon his arrest, Martinez was questioned by investigators from the San Benito Police Department. Initially, the purpose of the questioning was to gather information about some cell phones that had been located relating to the murder. The officers testified during a motion to suppress hearing that Martinez had been read his *Miranda* warnings before each interview, but that the first interview was not videotaped because they were just gathering information regarding the phones. During the first interview, Martinez began asking questions regarding the stabbing of Perez and then Martinez stated to them that he had stabbed Perez. Investigators immediately stopped the interview and set up a video recording for the subsequent interview in compliance with article 38.22 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West, Westlaw through Ch. 46 R.S. 2015). Police again read Martinez his *Miranda* rights on the video and Martinez gave the investigators more details about his altercation with Perez.

The State indicted Martinez with Perez's murder. Following a jury trial, Martinez was convicted of murder and the jury assessed punishment at fifty-years in the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II.    STATEMENT TAKEN IN VIOLATION OF ARTICLE 38.22

By his first issue, Martinez alleges that the videotaped statement was taken in violation of Article 38.22 of the Code of Criminal Procedure and the trial court committed error by admitting the statement into evidence during the trial. *See* TEX. CODE CRIMINAL PROC. ANN. art. 38.22. The voluntariness of the statement was challenged during a hearing on a motion to suppress held prior to the start of Martinez's jury trial.

## A. Standard of Review

We review a trial court's suppression ruling under a bifurcated standard. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). Appellate courts must view all of the evidence in the light most favorable to the ruling. *Vasquez v. State*, 453 S.W.3d 555, 564 (Tex. App.—Houston [14th Dist.] 2014, pet. granted). At a suppression hearing, the trial judge is the sole factfinder. *Id.* Regarding findings of fact, especially when those findings are based on an evaluation of credibility and demeanor, we review the trial court's rulings under an abuse of discretion standard. *See Xu v. State*, 191 S.W.3d 210, 215 (Tex. App.—San Antonio 2005, no pet.); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford almost total deference to a trial court's determination of historical facts supported by the record. *See id.* However, "the trial court's resolution of mixed questions of law and fact, which does not turn on an evaluation of credibility and demeanor, is reviewed *de novo*." *Xu*, 191 S.W.3d at 215. The court of appeals is obligated to "uphold the trial court's ruling on appellant's motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (en banc).

## B. Applicable Law

Statements made by defendants to law enforcement are governed by Article 38.22 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. Under Article 38.22, "no written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown" that he received the required warnings as determined by *Miranda v. Arizona*. *Id.* § 2; *Miranda v. Arizona*, 384 U.S. 436 (1966). Additionally, no oral statement made

4

as a product of custodial interrogation shall be admissible against a defendant unless:

> (1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;
>
> (2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;
>
> (3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;
>
> (4) all voices on the recording are identified;
>
> (5) not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

TEX. CODE CRIM. PROC. ANN. art. 38.22(§ 3)(a)(1). The warnings contained in section 2 of Article 38.22 are as follows:

> (a) the accused, prior to making a statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:
>
> (1) he has a right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;
>
> (2) any statement he makes may be used as evidence against him in court;
>
> (3) he has the right to have a lawyer present to advise him prior to and during any questioning;
>
> (4) if he unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and
>
> (5) he has the right to terminate the interview at any time; and
>
> (b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed Subsection (a) of this section.

*Id.* at § 2. However, the Court of Criminal Appeals has held that "for oral statements

made as a result of custodial interrogation to be admissible, the warnings given prior to those statements need to only 'substantially comply' with the warnings set out in art. 38.22, § 2(a)." *Nonn v. State*, 41 S.W.3d 677, 679 (Tex. Crim. App. 2001) (en banc); *see also Coffey v. State*, 435 S.W.3d 834, 841 (Tex. App.—Texarkana 2014, pet. ref'd).

There have been cases where the *Miranda* safeguards have been misused. *Miranda*, 384 U.S. 436. In *Missouri v. Siebert*, the defendant was deliberately not given her *Miranda* warnings until after she gave a confession. 542 U.S. 600 (2004). Following the defendant's initial confession without any *Miranda* warnings, the officers gave her a short break and then went over the same information again, this time following the proper warnings. *Id.* The Supreme Court held that this "question first" technique was not acceptable because it deliberately attempts to go around giving a defendant notice of his rights under the *Miranda* standard. *Id.*

The Texas Court of Criminal Appeals has also held that this "two-step" or "question-first" technique is not acceptable. In *Martinez v. State*, the Court of Criminal Appeals held that questioning the defendant without the proper warnings, and then coming back and questioning him again with proper warnings rendered the second statement inadmissible. 272 S.W.3d 615, 627 (Tex. Crim. App. 2008). However, there are situations where a police officer does not initially warn a defendant of his rights that the court of criminal appeals found not to be a "question-first" situation. In *Carter v. State*, the arresting officer conversed with the defendant briefly, at which time the defendant made an incriminating statement. 309 S.W.3d 31, 33–35 (Tex. Crim. App. 2010). The officer immediately realized he had not read the suspect his *Miranda* rights and stopped the interview in order to warn him. *Id.* at 33. The trial court in that case

6

found that "the failure of Trooper Henderson to warn Carter before those two questions were asked was simply an oversight" and the court of criminal appeals affirmed the ruling, stating the facts "do not necessarily exemplify the deliberate 'question-first, warn later' gamesmanship so obvious in *Seibert*". *Id.* at 34–35, 41.

"Courts should determine 'whether the evidence shows that [the interrogating officer] deliberately employed a two-step 'question-first, warn later' interrogation technique to circumvent [the] appellant's *Miranda* protections.'" *Vasquez*, 453 S.W.3d at 569 (citing *Carter*, 309 S.W.3d at 38). To make this determination will "'invariably turn on the credibility of the officer's testimony in light of the totality of the circumstances surrounding the interrogation." *Carter*, 309 S.W.3d at 39 (citing *United States v. Stewart*, 536 F.3d 714, 720–21 (7th Cir. 2008)). "This is a factual finding entitled to deference on appeal' and reviewed only for clear error." *Id.* (citing *Stewart*, 536 F.3d at 720–21).

## C.    Discussion

Martinez argues that his 38.22 warnings were given "mid-stream", that he was interviewed multiple times before his 38.22 warnings were given, and even when the warnings were given, they did not comply with article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22.

"The State, as the proponent of the evidence of appellant's confession, bears the burden of establishing its admissibility." *Vasquez*, 453 S.W.3d at 567. "It is also the State's burden to establish a valid waiver of *Miranda* rights by a preponderance of the evidence." *Id.* During the pre-trial hearing on Martinez's motion to suppress, the State called two officers who were part of the initial and videotaped interrogation of Martinez: Captain Mario Perea and Detective Israel Ambriz of the San Benito Police Department.

7

Both officers stated that Martinez was read his 38.22/*Miranda* warnings prior to both interrogations. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22; *Miranda*, 384 U.S. 436. Both officers stated that the initial interrogation was not videotaped because they were gathering information regarding cell phones in the custody of San Benito Police Department, not information about Perez's murder. However, both men testified Martinez was properly warned prior to the commencement of any questioning.

Martinez's trial counsel questioned the officers regarding Martinez's understanding of the warnings and if there were any promises made to him for giving the statement. Captain Perea felt Martinez understood and waived his rights because Martinez continued to talk to them. Perea also stated the videotape was made in order to comply with article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. Detective Ambriz stated that no one promised Martinez a reduction of charges for his cooperation and even though the first interrogation was not written or videotaped, Ambriz felt he would be able to testify about it in court based on his credibility. Martinez's trial counsel argued that the video confession should be suppressed based on *Seibert* and the "question-first, warn-later" behavior, but the trial court stated on the record that it did not believe it was a "two-tiered" interrogation and denied the motion to suppress. *See Seibert*, 542 U.S. at 600.

Additionally, Martinez testified in his own defense during the guilt-innocence portion of his jury trial. He was questioned about the offense by both his own trial counsel and the State. During his testimony, Martinez admitted to stabbing Perez during their altercation.

Based on the record from the motion to suppress hearing and the trial transcript, as well as the findings of the trial court on the record, we do not find that the videotaped

8

confession was a product of the "question-first, warn-later" technique prohibited by *Seibert* and its progeny. *See Seibert*, 542 U.S. at 600. As a result, the trial court's ruling was proper, and we overrule Martinez's first issue.

## III. VOLUNTARINESS JURY INSTRUCTION

By his second issue, Martinez states the trial court committed error by not *sua sponte* including an instruction on the voluntariness of his statement in the jury charge.

### A. Standard of Review

In reviewing a challenge to a jury charge, we first must determine if the jury charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If error is found, we then 'analyze the harm resulting from the error." *Id.* If "an error is preserved with a timely objection...then the jury-charge error requires reversal if the appellant suffered some harm as a result of the error." *Sanchez v. State*, 376 S.W.3d 767, 774 (Tex. Crim. App. 2012) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). But if the "defendant never presents a proposed jury instruction (or fails to object to the lack of one), any potential error in the charge is reviewed only for 'egregious harm' under *Almanza*." *Oursbourn v. State*, 259 S.W.3d 159, 174 (Tex. Crim. App. 2008). The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary to the reversal. *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008).

To determine harm, we consider four factors: (1) the charge itself, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *Trejo v. State*, 313 S.W.3d 870, 871 (Tex. App.—Houston [14th Dist.] 2010,

9

pet. ref'd) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). To establish both egregious or "some" harm, the "appellant must have suffered actual, rather than theoretical, harm." *Warner*, 245 S.W.3d at 461. Neither party bears the burden on appeal to prove harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

If the "error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of the defendant,' which means no more than that there must be *some* harm to the accused from the error." *Id.* (citing *Almanza*, 686 S.W.2d at 171). When an "appellant d[oes] not object to the charge, the error does not result in reversal 'unless it was so egregious and created such harm that appellant was denied a fair trial.'" *Warner*, 245 S.W.3d at 461 (citing *Almanza*, 686 S.W.2d at 171). "Egregious harm deprives appellant of a fair and impartial trial." *Trejo*, 313 S.W.3d at 871 (citing *Almanza*, 686 S.W.2d at 171). "Errors that result in egregious harm are those that affect the 'very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Warner*, 245 S.W.3d at 461–62 (citing *Hutch*, 922 S.W.2d at 171).

## B. Applicable Law

Martinez alleges that the trial court committed harm by not including an instruction on the voluntariness of his statement in the jury charge. There was no objection to the jury charge by Martinez's trial counsel. We first conduct a review to establish if there was: (1) error in the jury charge and (2) if there was error, was the error egregious harm to Martinez.

Section 6 of article 38.22 states:

Upon the finding by the judge as a matter of law and fact that the statement

10

was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof.

TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6. Section 7 of article 38.22 states "when the issue is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement." *Id.* at § 7. Additionally, under article 38.21, "A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion." *Oursbourn*, 259 S.W.3d at 169 (citing TEX. CODE CRIM. PROC. ANN. art. 38.21).

A defendant would be "entitled to an instruction on voluntariness of his statement under art. 38.22 § 6, if he introduces evidence at trial from which a reasonable jury could find that the statement was not voluntarily made." *Vasquez*, 225 S.W.3d at 545. "If a reasonable jury could find that the facts, disputed or undisputed, rendered him unable to make a voluntary statement, he is entitled to a general voluntariness instruction when he has raised a question of the voluntariness of his statement." *Oursbourn*, 259 S.W.3d at 176. When the defendant "presents evidence raising a voluntariness question, the prosecution must controvert that evidence and prove voluntariness by a preponderance of the evidence." *State v. Terrazas*, 4 S.W.3d 720, 725 (Tex. Crim. App. 1999) (en banc). However, the prosecution "is not put to this burden unless a defendant presents evidence that raises a voluntariness question." *Id.*

## C. Discussion

Although Martinez's trial counsel questioned the two police officers who testified

11

during the motion to suppress hearing regarding the voluntariness of Martinez's statements, the issue of voluntariness was not raised during the trial. There was no evidence put before the jury to give rise to the idea that Martinez had not voluntarily cooperated with the officers based on his own free will. The State presented evidence that Martinez was given the proper warnings required under the law and knowingly, intelligently, and voluntarily waived those rights. *See* TEX. CODE CRIMINAL PROC. ANN. art. 38.22 § 2. In order for Martinez to be entitled to a jury instruction on the voluntariness of his statement, he must have presented evidence during the trial to say his statement was not voluntarily given. For an issue to be "raised by the evidence", there must be a genuine factual dispute. *Oursbourn*, 259 S.W.3d at 176.

At no time did this occur. Martinez even testified in his own defense during the trial and never made a claim that he did not receive his warnings, did not voluntarily give his statement, or did not wish to cooperate with the investigation. Additionally, Martinez cites to no place in the record from the trial to show where he presented any evidence requiring the instruction on voluntariness.

A "trial judge has an absolute *sua sponte* duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged." *Id.* at 179 (citing *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). "But it does not inevitably follow that he has a similar *sua sponte* duty to instruct the jury on all potential defensive issues, lesser-included offenses or evidentiary issues. These are issues that frequently depend upon trial strategy and tactics." *Id.* (citing *Delgado v. State*, 235 S.W.3d at 249). Although Martinez claims the trial court should have included this proposed instruction on its own, without more evidence elicited during testimony, the trial

12

court did not violate its duty to include defensive issues in the jury charge. *See id.* Therefore, there was no error in the jury charge. We overrule Martinez's second issue.

## IV. COMMENTS MADE BY THE TRIAL COURT DURING VOIR DIRE

By his third issue, Martinez complains that the trial court violated "his Sixth Amendment right to jury determination" and violated Rule 605 of the Texas Rules of Evidence by commenting on reasonable doubt during the State's voir dire, thereby committing fundamental error. *See* U.S. CONST. amend. VI; TEX. R. EVID. 605 (West, Westlaw through Ch. 46 R.S. 2015).

### A. Standard of Review and Applicable Law

In order to "preserve a complaint of improper voir dire for appellate review, the appellant must make a timely and specific objection and receive an adverse ruling from the trial court." *Fears v. State*, No. 13-13-00111-CR, ___ S.W.3d ___, 2015 WL 1869792, at *15 (Tex. App.—Corpus Christi Apr. 23, 2015, pet. filed); *see Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); TEX. R. APP. P. 33.1 (West, Westlaw through Ch. 46 R.S. 2015). "Here, because appellant did not object, he has waived his complaint on appeal except for fundamental error." *Fears*, 2015 WL 1869792 at *15; *see Archie*, 221 S.W.3d at 699. The proper test for "determining whether an error during voir dire is fundamental, and therefore may be raised for the first time on appeal, is whether the error involves a violation of a right that is 'waivable only' or a denial of an absolute, systematic requirement."[1] *Fears*, 2015 WL 1869792 at *15; *see Aldrich v.*

---

[1] "Examples of rights that are waivable-only include the rights to assistance of counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial preparation which a statute specifically made waivable-only." *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003) (en banc). "Absolute systemic requirements include jurisdiction of the person, jurisdiction of the subject matter, and a penal statute's being in compliance with the Separation of Powers Section of the state constitution." *Id.*

13

*State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003). "This Court has held in the past that the right to an impartial judge is an absolute, systematic requirement that may be raised for the first time on appeal if the judge's comments are 'so egregious as to deem the judge biased.'" *Fears*, 2015 WL 1869792 at 15; *see Hernandez v. State*, 268 S.W.3d 176, 185-86 (Tex. App.—Corpus Christi 2008, no pet.).

Under Texas Rule of Evidence 605, "a judge may not testify in a proceeding over which the judge is presiding." TEX. R. EVID. 605; *see Hensarling v. State*, 829 S.W.2d 168, 171 (Tex. Crim. App. 1992) (en banc). In order to determine if the trial court testified, "the question should be whether the judge's statement of fact is essential to the exercise of some judicial function or is the functional equivalent of witness testimony." *Hammond v. State*, 799 S.W.2d 741, 746 (Tex. Crim. App. 1990). However, "substantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.'" *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

## B.  Discussion

Martinez complains of an exchange between the trial court and a prospective juror during the State's portion of voir dire. A potential juror posed a question about reasonable doubt: about knowing someone was guilty but not having the requisite proof. The trial court asked a follow up question to clarify the prospective juror's question and then stated the following:

Court:      Okay.  I guess the − there is no definition for beyond a
            reasonable doubt.  When you say you know he did it, I'm not
            sure how someone knows he did it if there was no proof that

14

he did it, because then you don't know. You might think he might have done it. There may be something in your mind that believes he might have done it, but you don't know he did it unless the proof was there. So if the proof is not there, then you don't really know it. You believe it or you think, maybe, but I guess that's what's throwing me off, is if you know it, then how can you know it if the proof's not there?

. . . .

Court: Okay. The state's got to prove it beyond a reasonable doubt. If they don't prove it beyond a reasonable doubt, then that's different. But I guess what threw me is when you say, "I know he did it." Well if you know someone did it, then there must have been proof there, because if not, you wouldn't know it. You would think it, you might guess it, but you don't know it. I mean, if the proof's there and you know it, then that would be beyond a reasonable doubt if you know it. If you don't know it and you think it, then there may not be enough proof.

It is apparent from the comments made by the trial court that it was exercising its judicial function by clarifying a confusion in the law. *See Hammond*, 799 S.W.2d at 746. The juror was unsure of how to arrive at a proper disposition based on information that had been provided. The trial court was within its duty to try to rectify that confusion, while not making any specific comments on the evidence in the case or stating improper assumptions of the law. Although it is the right of Martinez to have an impartial, unbiased judge, the trial court did not show any partiality towards the State or bias against Martinez.

Additionally, as the State argues in its brief, the trial court was not functioning as a witness in the case because no evidence had been presented to the jury yet. In looking at the record as a whole, even if these comments would have amounted to error, the error was slight and did not influence the jury's verdict. The trial court encouraged the jurors to have proof, rather than just a feeling or emotion, in order to get beyond a reasonable

15

doubt. The trial court did not comment on its beliefs regarding the case and therefore caused no fundamental error. Martinez's third issue is overruled.

## V. PROSECUTOR MISCONDUCT

By his fourth issue, Martinez claims the trial court committed error by not granting a mistrial when the prosecutor allegedly engaged in misconduct during the punishment portion of the trial.

### A. Standard of Review and Applicable Law

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004) (en banc). The "question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis." *Id.* at 77. "Harm analysis is employed only when there is error, and ordinarily, error occurs only when the trial court makes a mistake." *Id.* at 76. "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Id.* (citing *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070, 120 S.Ct. 1680 (2000)). The trial court acts with an appellate function: "determining whether improper conduct is so harmful that the case must be redone." *Id.* Harm analysis is done "in light of the trial court's curative instruction." *Id.* "Only in extreme circumstances, where the prejudice caused by the improper argument is incurable," will a mistrial be required. *Thomas v. State*, 461 S.W.3d 305, 310 (Tex. App.—Fort Worth March 26, 2015, no. pet.); *see Hawkins*, 135 S.W.3d at 7; *Whitney v. State*, 396 S.W.3d 696, 704 (Tex. App.—Fort Worth 2013, no pet.).

16

The Court of Criminal Appeals found that the *"Mosley* factors should be used to evaluate whether the trial court abused its discretion in denying a mistrial...[in cases] in which constitutional rights are not implicated" *Hawkins*, 135 S.W.3d at 77. The *Mosley* factors are used by balancing these three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed)." *Id.* (citing *Martinez*, 17 S.W.3d at 693-94); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998), cert. denied, 526 U.S. 1070, 119 S.Ct. 1466 (1999). "An instruction to disregard an improper jury argument is generally sufficient to cure harm." *Thomas*, 461 S.W.3d at 311; *see Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944, 121 S.Ct. 1407 (2001). "On appeal, a reviewing court presumes that the jury followed the trial court's instruction in the manner presented." *Id.; see Archie*, 340 S.W.3d at 741. "Although the presumption is refutable, the defendant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instruction." *Id.; see Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005).

## B.    Discussion

Martinez argues that the prosecutor's confrontation with him during his testimony in the punishment phase of the trial warranted a mistrial. The following statements occurred:

State:      Why do you say it's so hard?

Martinez:   Because it is.  I mean, you have – I mean, I would imagine you had a perfect life growing up.

17

State: You think I had a perfect life growing up?

. . . .

State: I'll tell you a little bit about myself, Mr. Martinez. I grew up in a neighborhood in Houston. It was interracial. Do you know what interracial means?

Defense: Objection, Your Honor. Relevance.

Court: Sustained.

State: He asked about my life, Judge.

Court: I understand. Sustained. Let's move on.

State: It was Hispanics and Blacks in this neighborhood. We had sirens going off every night.

Defense: Your Honor, this is the same.

Court: All right. Sustained. Let's move on.

State: We had the Ku Klux Klan living at the corner of my neighborhood.

Defense: Your Honor, objection. Your Honor, may we approach?

(At the bench, on the record):

Defense: We're going to ask that [the prosecutor] be admonished to respond to your rulings.

State: He asked about my life. He said I had a perfect life growing up.

Court: I understand that.

Defense: But we have —

Court: I've already sustained the objection. Let's move on.

State: Yes, Your Honor.

Court: I do not want to hear any more.

18

. . . .

Court:      And I don't want to have to admonish you.

. . . .

Court:      So let's move on from that line of questioning.

. . . .

Court:      I'll instruct the jury to disregard.

Defense:    And we move for a mistrial.

Court:      That will be denied.

(End of bench discussion):

Court:      All right, Ladies and Gentlemen, you are to disregard the last
            statements being made by the state as far as his life.   That's
            irrelevant to this trial, and we'll concentrate on the situation at
            hand.   Let's move on.

"On appeal, we generally presume the jury follows the trial court's instructions in the manner presented." *Thrift*, 176 S.W.3d at 224. "The presumption is refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instruction." *Id.* Normally, "a prompt instruction to disregard will cure error associated with an improper question and answer." *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (en banc).

Using the *Mosley* factors to analyze the complained-of conduct, we first look to the severity of any misconduct. *Hawkins*, 135 S.W.3d at 77 (citing *Martinez*, 17 S.W.3d at 693–94). Although the prosecutor's comments and disregard for the trial court's rulings were improper, their severity was slight. After the complained of confrontation, the State moved on to a different line of questioning and the exchange was not emphasized in the

19

closing remarks. Second, we look at the curative measures taken by the trial court. The trial court gave the proper instruction and asked the jury to disregard, stating that the comments were irrelevant to the situation at hand. Third, we look to the likelihood of the same punishment being assessed absent any improper remarks. Martinez points to no place in the record where it would be obvious that the jury failed to follow the trial court's instructions. There is no evidence presented that the jury held the statements made against Martinez in any way. Even though he was given a lengthy prison sentence, the State had asked for life imprisonment. The fact that Martinez admitted to stabbing Perez from the witness stand and the number of wounds Perez received most likely led to the term of years he received. We find there was no abuse of discretion by the trial court for denying the motion for mistrial. We overrule Martinez's fourth issue.

## VI. CONCLUSION

We affirm the trial court's judgment.


GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
31st day of August, 2015.

20

Robert Martinez #1908811

Telford Unit 28 2015

3899 State Hwy. 98

New Boston, TX 75570

Court of Criminal

ATTN: CLERK

P.O. Box 12308, C

Austin, TX 78711